## WINDHAM v. ATLANTIC COAST LINE R. CO.

### No. 7097.

Circuit Court of Appeals, Fifth Circuit.

May 31, 1934.

O. S. Lewis, of Dothan, Ala., for appellant.

A. H. Arrington, of Montgomery, Ala., and W. L. Lee and A. K. Merrill, both of Dothan, Ala., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, as a passenger, entered a coach of appellee's train at Dothan, Alabama, at a little after noon and walked back to about the third seat. While in the act of taking her seat there, she slipped on a black ripe banana peel an inch and a half wide and from two to three inches long, sustaining serious injuries. On the trial of her action for damages she proved this and no more. Where the peel came from, who put it there, or when or how, were not shown. The crew which took charge of the train at 9:45 that morning, the conductor and his flagman, testified that they had passed up and down through the coach several times before the accident, and though noticing for obstructions and foreign substances in the aisle, they had seen no banana peel on the floor. They testified, too, that they had seen no bananas in the car, either in the possession of passengers or in the train butcher's stock. No one contradicted these statements. Indeed, two other passengers gave substantially the same testimony. The District Judge thought no case was made out. He instructed a verdict for defendant.

Appellant concedes that liability is not made out by proof merely that a passenger slips upon or stumbles over some obstruction or foreign substance in the aisle of a railroad coach. She recognizes that the proof must also bring home to the carrier complicity in or timely knowledge of its presence there, or must at least show that it had been there long enough for the carrier, in the exercise of reasonable care, to have discovered and removed it. Livingston v. A. C. L. R. R. Co. (C. C. A.) 28 F.(2d) 563; Long v. A. C. L. R. R. Co. (C. C. A.) 238 F. 919; Gulf, C. & S. F. R. Co. v. Blackmon (Tex. Civ. App.) 56 S.W.(2d) 199; Alabama Great Southern R. Co. v. Johnson, 14 Ala. App. 558, 71 So. 620; Hotenbrink v. Boston Elevated R. Co., 211 Mass. 77, 97 N. E. 624, 39 L. R. A. (N. S.) 419. She argues, however, that though

there is no evidence at all as to how the peel got in the aisle, and no direct evidence as to how long it had been there, there are circumstances which would support a jury finding that it had been in the aisle long enough to have been discovered had due care been exercised. These circumstances are: The small size and black color of the peel, making for its lying on the floor indefinitely escaping casual notice, though readily discoverable and removable by careful inspection and sweeping; the testimony that no bananas had been seen in the car or on the train during the morning's journey before the accident, and the testimony of plaintiff's witness that there was no grit on the peel such as would supposedly have been there had it been tracked in from the outside.

Defendant urges the same circumstances as not only showing plaintiff's cause wanting in the essential elements of proof, but as positively acquitting defendant of fault. It argues that the positive and uncontradicted testimony that no bananas were seen on the train that morning; that neither the trainmen nor the passengers who had repeatedly used the aisle before the accident had seen any peel there, together with the fact that there was no grit on the peel or the floor, and no proof of grit on the shoes of plaintiff or the one who had helped her on, or of other passengers who had used the aisle just before her, leaves the case unproven.

■ We think it clear that the District Judge was right in instructing for defendant. Had he not done so, a reversal would have been required. Instead of fixing fault on defendant as she was required in law to do, either in placing the peel in the aisle or in allowing it to remain there unduly, plaintiff wholly failed to show how, when or by whom it was brought there. Unlike in passenger injuries sustained where appliances of transportation are involved, no presumption of fault arises to aid a passenger when injured, as here, by slipping or stumbling over foreign substances in an aisle. Plaintiff must rely entirely on her evidence to prove negligence. It failed to do so. The most that can be said of it is that it leaves whose act and fault it was unknown. In such a situation, there can be no recovery. Patton v. Texas & P. R. Co., 179 U. S. 658, 21 S. Ct. 275, 45 L. Ed. 361; Wise v. U. S. (C. C. A.) 63 F.(2d) 307; Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720; Stevens v. The White City, 285 U. S. at page 203, 52 S. Ct. 347, 76 L. Ed. 699.

The judgment is affirmed.