**OLD SOUTH LINES, Inc., v. McCUISTON.**

No. 8273.

Circuit Court of Appeals, Fifth Circuit.

Oct. 29, 1937.

A. C. Wheeler and Chas. J. Thurmond, both of Gainesville, Ga., for appellant.

G. Fred Kelley, of Gainesville, Ga., and R. Beverly Irwin, of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The appellee was awarded damages for personal injuries sustained by her, when she slipped on a banana peeling, while travelling as a passenger from Winston-Salem, N. C., to Atlanta, Ga., on a bus operated by appellant. The latter assigns as error the failure of the court below to instruct the jury peremptorily to find for the defendant. No one saw the peeling on the floor before the accident, and it is not claimed that the carrier was at fault in putting it there. The appellee recognizes the burden on her to show its presence there long enough to give the carrier a reasonable opportunity to discover and remove it.

■ No presumption of fault on the part of the carrier arises here from the mere fact of injury. The burden is on the passenger, by substantial evidence, to prove facts from which a fair jury may reasonably infer that the injury was directly and proximately caused by the negligence of the carrier or its employees. Windham v. Atlantic Coast Line R. Co. (C.C.A.) 71 F. (2d) 115.

■ With these basic principles in mind, let us examine the material facts in evidence favorable to the appellee. She boarded the bus at Winston-Salem between 8 and 9 o'clock on the morning of January 15, 1936, and got off at Charlotte to purchase a round-trip ticket from there to Atlanta. When she entered the bus again, around 11 o'clock, she noticed an elderly gentleman sitting two or three seats from the front, eating bananas. When the bus reached Gainesville, Ga., about 8 o'clock that night, the driver announced a five minutes stop; appellee got out and went to the restroom. When she returned and walked to her seat she noticed a magazine lying on the last seat of the bus. She is the sole witness as to what happened then, and her words are given full credence in discussing this assignment. The bus was not in motion. She walked back, picked up the magazine, and turned around to her seat, which was the second one from the rear. When she undertook to sit down, her foot hit a banana peeling right by the seat, and she fell, receiving serious physical injuries.

■ It is apparent that this case is controlled by Windham v. Atlanta Coast Line R. Co., supra, unless the mere fact of the man eating bananas near the front of the bus nine hours before the accident, coupled with the presence of a piece of banana peeling on the floor at the time of the injury, was sufficient to warrant the inference by a jury of fair and reasonable men that the peeling was thrown on the floor by the elderly gentleman and remained there until appellee slipped on it. Such an inference would be the result of mere speculation, and not a logical conclusion from any fact or facts in evidence. While the man was seen eating bananas, no one saw him throw the peeling on the floor or, in fact, saw the peeling. A fact once shown to exist is ordinarily presumed to continue until the contrary appears, but obviously this presumption has no application to the activity of a man eating bananas. Liability cannot be imposed upon a carrier by a succession of inferences on an inference, as by inferring, first, that the banana was peeled in the bus; second, that the peeling was thrown on the floor; third, that it was removed by some unknown agency to the rear of the coach; and, fourth, that it remained there until appellee stepped on it. Much speculation might be indulged as to what the elderly gentleman did with the peeling of the banana he was eating, but one man's guess is as good as another's. Although the appellee did not testify that she saw it, we know that the banana once had a peeling; but there is no evidence as to when or where the peeling was removed or as to what became of it. Neither do we know that the elderly gentleman was the only person in the bus that ate a banana during the nine hours of that long trip.

It is true that some of the cases in denying recovery against railway companies have mentioned the fact that no bananas were seen on the train; but this is far from holding that the presence of bananas on a coach, either for sale or being eaten, is sufficient in itself to warrant a jury in finding against the carrier where a passenger has slipped on the peeling. Such

a holding would render the carriers practical insurers in most cases, as it is well known that bananas are sold and eaten on nearly all trains.

The judgment of the District Court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.