**OLD SOUTH LINES, Inc., v. McCUISTON.**

No. 8274.

Circuit Court of Appeals, Fifth Circuit.

Oct. 29, 1937.

A. C. Wheeler and Chas. J. Thurmond, both of Gainesville, Ga., for appellant.

G. Fred Kelley, of Gainesville, Ga., and R. Beverly Irwin, of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This was an action by appellee, John McCuiston, for loss of his wife's services, claimed to have resulted from injuries sustained by her while a passenger on a bus operated by appellant, Old South Lines, Inc. It is unnecessary to discuss the several assignments of error, because appellee's case is primarily bottomed upon the alleged negligence of appellant in permitting a banana peeling, on which his wife slipped, to remain on the floor of the bus for an unreasonable time after it had been put there by some one other than an employee of the corporation. After announcing the applicable legal principles and discussing the facts, we have this day held, in the case of Old South Lines, Inc., v. Mrs. John McCuiston, 92 F.(2d) 439, that no presumption of fault rested upon the carrier from the mere fact of injury, and that the burden is on the passenger to prove, by substantial evidence, the facts from which a fair and impartial jury may reasonably infer that the injury was directly and proximately caused by the negligence of the carrier or its employees.

The same evidence appears in the record of both cases, and, as we have just held that the evidence on behalf of the wife was insufficient to warrant the court in submitting to the jury an issue of negligence on the part of the bus line, it necessarily follows that our ruling on this record is the same, viz., that, since no witness saw the banana peeling on the floor prior to the time the passenger stepped on it and was injured, and since the finding by the jury, that it had remained on the floor for such an unreasonable length of time as to impute negligence to the carrier, depended upon successive inferences drawn from an inference that another passenger had thrown it there, the verdict and judgment did not rest upon substantial evidence, either direct or circumstantial.

Therefore, the judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.