Joseph Kunz *v.* The Connecticut Company.

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.

Argued November 8—decided December 5, 1940

*Harold E. Cable,* for the appellant (plaintiff).

*Edwin H. Hall,* for the appellee (defendant).

Maltbie, C. J.  The plaintiff brought this action to recover damages suffered as a result of a fall while a passenger in a bus of the defendant company, caused by his stepping upon a loose bolt on the floor when he arose to leave the bus.  While the record does not show this, counsel for both parties agree that the trial court directed a verdict for the defendant, which the jury rendered, and from the refusal of the trial court to set it aside the plaintiff has appealed.

He bases his right to recover upon the ground that had the defendant exercised due care in the inspection of the bus it would have discovered the bolt in time

to have removed it before the accident. Liability could be established only upon proof by the plaintiff that the bolt had been upon the floor a sufficient length of time so that, in the exercise of its duty of inspection, the defendant would have discovered it. *Laflin* v. *Lomas & Nettleton Co.*, 127 Conn. 61, 63, 13 Atl. (2d) 760. There was no direct evidence as to the length of time it had been there. The plaintiff sought to prove that it and another bolt found upon the floor at the same time were identical with bolts used in the construction of the bus in question and other similar buses operated by the defendant and used by it in repairing them, and for that purpose produced, for comparison, two bolts which came from the garage where the defendant kept its buses; but one of the plaintiff's witnesses testified that bolts of this type were produced by several manufacturers; and there were differences between the bolts found in the bus and those produced for the purpose of comparison, such that the jury could not reasonably have found the former identical with the latter. While there was evidence that similar bolts were used generally in the construction and repair of various types of buses and automobiles, including buses of the general character of that involved in this case, there was none that they were used on the particular bus in question; and there was undisputed evidence that no bolts were missing from the interior of that bus. The jury could not reasonably have found that the bolts on the floor came from the bus in question. The bus had been in operation on the day of the accident more than four hours before it occurred and that some passenger had dropped the bolts was as reasonable an explanation of their presence as any other. There was no basis for any reasonable inference that the bolts had been on the floor of the bus a sufficient length of time

so that the defendant, in the exercise of proper care in inspecting it, should have discovered them. *Byrne v. Connecticut Co.*, 123 Conn. 304, 306, 195 Atl. 184.

In the absence of proof that the bolts were on the floor of the bus as a result of the conduct of the defendant's employees or that they knew of their presence, the doctrine of res ipsa loquitur would not apply. *Briganti v. Connecticut Co.*, 119 Conn. 316, 322, 175 Atl. 679; *Windham v. Atlantic Coast Line R. Co.*, 71 Fed. (2d) 115; *Old South Lines, Inc. v. McCuiston*, 92 Fed. (2d) 439. In the case of *Texas & Pacific Ry. Co. v. Hanson* (Texas Civ. App.) 189 S. W. 289, relied on by the plaintiff, liability of the defendant for injuries suffered by a passenger because of a piece of wood in the aisle of a railway car, was placed upon the ground that employees of the defendant who passed through the car should, in the exercise of proper care, have discovered the wood. See *Laflin v. Lomas & Nettleton Co.*, supra, 65. We cannot follow the opinion in *Lindsey v. Atlantic Coast Line R. Co.*, 173 N. C. 390, 92 S. E. 166, the other case principally relied upon by the plaintiff, in so far as it holds that a passenger who fell over a bolt in the aisle of a railroad car had made out a prima facie case of negligence when he proved the presence of the bolt and that the burden was not on him to show how it happened to be there or how long it had been there. See *Livingston v. Atlantic Coast Line R. Co.*, 28 Fed. (2d) 563, where the *Lindsey* case is discussed.

There is no error.

In this opinion the other judges concurred.