## BURKHOUSE *v.* DUKE ET AL.

[No. 91, October Term, 1947.]

■■■■■■■■■■

■■■■■■■■■■

*Decided February 20, 1948.*

■■■■■■■■■■

■■■■■■■■■■

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Lemuel Oliver,* for the appellants.

*J. Richard Wilkins,* for J. T. Evans.

No appearance and no brief for Charles Duke.

HENDERSON, J., delivered the opinion of the Court.

Martin T. Burkhouse filed a declaration in the Baltimore City Court against the appellees, alleging that he purchased a power boat from Duke, through his agent, Evans, and paid Evans $50.00 on account of the purchase price of $3,250.00; that Evans, as the agent of Duke, agreed to make certain specified repairs and deliver the boat upon the payment of the balance due; but that Duke has declined and refused to deliver the boat as agreed, although the plaintiff is ready, willing and able to comply with the agreement; and that the plaintiff has been damaged by the breach.

Separate demurrers were filed on behalf of Duke and Evans. Duke's demurrer, in addition to general grounds, attempted to set up that the plaintiff had filed suit for specific performance of the alleged agreement of sale, which suit was dismissed without prejudice, and that the equity court "in passing on the alleged agency found for the defendant, Charles C. Duke". Evans' demurrer, in addition to general grounds, set up that the declaration showed on its face that Evans was acting solely in his capacity of agent and failed "to show any direct undertaking on his part with the plaintiff establishing a legal liability for any defaults of his principal."

At the hearing upon these demurrers the court sustained Duke's demurrer, without leave to amend, and entered judgment for this defendant. The court sustained Evans' demurrer, with leave to amend, and entered judgment on motion, after the plaintiff failed or declined to amend. The plaintiff appealed from both judgments. No brief has been filed in this court on behalf of the appellee, Duke.

The declaration, as against Evans, did not state a good cause of action. If Evans had been acting for an undisclosed principal, he could have been sued on the contract. *Codd Co. v. Parker,* 97 Md. 319, 325, 55 A. 623. Whether both defendants could have been joined in one action, we need not decide. Compare *Hospelhorn v. Poe,* 174 Md. 242, 261, 198 A. 582, 118 A. L. R. 682. In the case at bar the principal was disclosed. In such a case the rule is stated in *Poe, Pleading,* 5th Ed., § 362, as follows: "Where an agent transcends his authority; departs from its provisions; or knowingly presumes to act without any authority; in all these cases he is clearly personally liable, *but not on the contract.* The correct remedy is a special action on the case, or for breach of an implied warranty. The principal in such case would not be liable, for the reason that the agent had no authority to bind him; and the agent would not be responsible on the contract, for he had not pretended to bind himself on it. * * * Whenever, upon the face of an

agreement, a party contracting plainly appears to be acting as the agent of another, the stipulations of the contract are to be considered as solely to bind the principal, unless it manifestly appears by the terms of the instrument that the agent intended to superadd or substitute his own responsibility for that of the principal". See also *McClernan v. Hall,* 33 Md. 293; *Mas Bottle Corp. v. Cox,* 163 Md. 176, 178, 161 A. 243; 2 *Restatement, Agency,* § 328, p. 724; 2 *Mechem, Agency,* (2nd), § 1357, p. 999. The plaintiff did not take advantage of the leave granted him to amend. The judgment in favor of the defendant Evans must be confirmed.

It does not appear from the record upon what ground the court sustained the demurrer as to Duke. The declaration alleged that Evans acted as his agent throughout. If, in fact, Evans acted without, or exceeded, his authority, that would be a matter of defense. It is also clear that the defense of *res adjudicata* should be raised by special plea or evidence under the general issue plea. *Wilmer v. Placide,* 137 Md. 107, 113, 111 A. 822. It cannot be raised on demurrer. *Polish-American Building & Loan Ass'n v. Dembowczyk,* 167 Md. 259, 264, 173 A. 254. But it appears upon the face of the declaration that there was a misjoinder, and we think that the demurrer was properly sustained on this ground, despite the liberality with which defects of this character may be cured by amendment. Code, Art. 75, sec. 43. Compare *Thompson v. Sun Cab Co.,* 170 Md. 299, 303, 184 A. 576; 1 *Poe, Pleading,* 5th Ed., § 384. However, since the demurrer was sustained without leave to amend, we shall remand the case in order to permit the plaintiff to file an amended declaration against Duke within such time as the lower court may fix. *Picking v. Local Loan Co.,* 185 Md. 253, 264, 44 A. 2d 462, 162 A. L. R. 678; *H. P. Rieger & Co. v. Knight,* 128 Md. 189, 201, 97 A. 358, L. R. A. 1916E, 1277; Rule 4, sec. 1, Rules of the Court of Appeals.

*Judgments affirmed and case remanded, with costs.*