LUSBY ET AL. *v.* BALTIMORE TRANSIT COMPANY

[No. 135, October Term, 1949.]
(Two Appeals in One Record)

*Decided April 14, 1950.*

**120**

*Motion for Clarification of Opinion denied April 20, 1950.*

The cause was argued before MARBURY, C. J., COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Lewin Wethered* and *L. Wethered Barroll,* with whom were *Hugo A. Ricciuti* and *Anselm Sodaro* on the brief, for the appellants.

*Benjamin C. Howard,* with whom was *Philip S. Ball* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

The appellants, husband and wife, filed two separate suits against The Baltimore Transit Company for damages sustained as the result of a fall by the wife while alighting from a bus of the Company. The second amended narr was similar in both cases, and in both, demurrers were sustained without leave to amend, and judgments entered in favor of the defendant for costs of suit. From these judgments appeals were taken.

The allegations in the declaration in the wife's case were as follows:

"For that the defendant, The Baltimore Transit Company, is a corporation owning and operating a street railway and bus system in Balti-

more City; that on or about May 9, 1947, the defendant accepted the plaintiff as a passenger for hire upon one of its said busses; that by reason of the failure of the defendant, its agents and servants, to exercise the highest degree of care for the plaintiff's safety and well being consistent with the operation of its bus, in that the defendant permitted the floor of the bus in which the plaintiff was a passenger, at the point where she was obliged to step down from the floor of said bus in order to leave the same, to be and remain in a slippery and dangerous condition because of a wet foreign substance thereon, resembling spit or grease, so that when she placed her foot at the said point on the floor of said bus, her foot slipped upon a dirty, greasy, wet substance, which caused her to fall while she was attempting to leave said bus at the front exit of the same, and that the plaintiff being caused to fall was due to the aforesaid negligence of the defendant; that as a result of the plaintiff falling, she sustained serious and permanent injuries to her head, body and limbs, suffered severe nervous shock and pain; that she became ill and unable to perform her accustomed tasks;

And the plaintiff says that all of her injuries and damages were caused solely by the negligence of the defendant, its agents and servants, and without any negligence on the part of the plaintiff thereunto contributing."

The Transit Company demanded particulars, and after an exception to the demand was overruled, the particulars were furnished. No question, therefore, is before us as to the ruling of the court on this demand.

The answer to the demand for particulars said that the plaintiff was unable to state definitely what the foreign substance was referred to in the declaration, and was without knowledge and was unable to state

over what period of time the defendant permitted this substance to remain on the floor of the bus. The substance was located at a point on the bus close to the chauffeur in charge of operating the bus, and was plainly visible to him, had he looked at the spot where the foreign substance was located. The plaintiff was without knowledge of who placed the substance on the floor of the bus, and the defendant by its agent had an opportunity to observe the slippery and dangerous condition, but whether he did observe it is unknown to the plaintiff. The plaintiff, however, asserted that there was nothing to prevent the chauffeur from observing the condition, and that it was his duty to remove it. The foreign substance was on the floor of the bus. It was not plainly visible to the plaintiff as she attempted to leave the bus, but after she fell on it it was plainly visible to her, but she did not observe it prior to her being injured, but after she slipped on it, she did observe it.

It is quite clear from the cases that a different situation exists between a case where it is claimed that the dangerous substance or object was placed in a car or a bus by the operating company, and a case where it is not claimed that the substance was placed there by the operating company. In the last mentioned case it must have been actually noticed by agents of the company or sufficient time must have elapsed to give them constructive notice. The declaration we are considering does not place the case in the first category, as there is no allegation that the Transit Company placed the foreign substance on the floor. The allegation is that the defendant permitted the floor to be and remain in a slippery and dangerous condition because of this substance. The question before us, therefore, is whether the allegations of the declaration as particularized, show either that the substance was there long enough for the agent of the defendant to notice it, or that it was in such a position that he should have noticed it. There is no allegation that he did; in fact, see it. The allegations do not show any length of time that the foreign substance

was on the floor. It may have been deposited there by the passenger who immediately preceded the injured appellant as she started to leave the bus. There is nothing to show that the operator of the bus had any special duty to look in that direction. And there is nothing to show that the actual substance described looked dangerous. Just why it is claimed that the operator could have seen it, if he had looked, but that the injured appellant did not see it, is not explained. The operator of a bus has no duty to keep the aisles and approaches of the bus or the space between the seats free of substances deposited there by passengers, unless he actually knows of their presence. And, inasmuch as his primary duty is to operate the bus, he cannot be expected to be constantly scrutinizing the floor space to see what is there. If the allegation had been that the greasy substance had been in the aisle behind him, the appellee would clearly not be bound by his failure not to see it, or to remove it, unless his attention had been specially called to it. The only difference between such an allegation and the allegation in the declaration before us is that it is stated that the grease was plainly visible to the operator, if he had looked at the spot where it was. There is no recital of any duty on the part of the operator to look at this spot, and while it is part of the duty of the operator of a bus to release the doors by some mechanism provided for that purpose, there is nothing in the pleadings to indicate that this duty required him to look at the spot where the grease was, and we cannot assume that was the case.

There have been many cases decided in this and in other states on the duty of operators of public conveyances with respect to keeping such conveyances free of dangerous objects. We have examined the cases referred to in the briefs, but we think it unnecessary to discuss them in much detail. The appellants rely on *O'Neill & Co. v. Crammitt*, 172 Md. 53, where the plaintiff fell in getting out of an elevator which was allowed to start before she had left it. The second count of the declara-

124

tion said that in so doing, she slipped on the landing space which the defendant had allowed to remain in a slippery and dangerous condition because of a foreign substance on it. The case came here on the rulings on the evidence and the prayers, and the court found that the evidence offered was sufficient to require the submission of the case to the jury under both counts, but the testimony of the plaintiff indicated clearly that there was so much grease on the floor and it was so dark, that it could not be seen by her, and that it was in the exact place where she was supposed to step from the elevator. There was in that case no demurrer before the court, but the evidence indicated a sufficient condition to justify an inference that the greasy substance there should have been noticed by the employees of the defendant. The case before us has not reached that stage, but there must be something in the allegations which show that some such condition is claimed. We do not find it.

The case of *Hanway v. B. & O. Railroad Company,* 126 Md. 535, was a suit by a passenger on a railroad who slipped on ice which was on the step. The Court discussed the difference between situations where ice got on the step on a train while it was travelling through a storm, in which case it held that the railroad was not liable, and the situation where ice might have been left on the steps when the train started on its journey. The Railroad Company also presented the theory in the evidence that the ice might have been carried there by a passenger who entered at another station. The Court said that these theories were matters for the jury and there was some evidence that it might have been found that the ice was on the step when the train first started on its trip, but the Court was also careful to say "We are not to be understood as holding that the fact that there was ice on the step at the time of the alleged injury would, standing alone, justify a presumption of negligence on the part of the Railroad Company."

In the case of *Livingston v. Atlantic Coast Line Railroad,* 28 F. 2d, 563 (Circuit Court of Appeals for the

Fourth Circuit), a passenger slipped and fell on a banana peel. The Court reviewed a number of cases, differentiating between those where a passenger was injured by something done or left undone in connection with the appliances of transportation, and those in which the passenger was injured by some neglect or omission on the part of the carrier, in some other respect. The case before it came within the second class and the Court said "The Railroad Company cannot be charged with the negligence of a passenger, and its only negligence in such a case is in allowing the obstruction to remain there after notice, or after it should have had notice, if due care had been exercised."

It has been held that in the case of a foreign substance in the aisle or on the floor of the conveyance "the plaintiff must show that the foreign substance was placed there by an employee of the carrier or that the employee knew, or by the exercise of proper care and diligence should have known of the presence of such foreign substance and failed to remove it." *Jones v. Baton Rouge Electric Company,* 192 So. 539 (La). This statement of what must be shown indicates also what must be alleged. And while the declaration does not have to contain the proof, it must contain a sufficient allegation to show what was the nature of the negligence relied upon. There must be, as this Court said in *Jackson v. Pennsylvania Railroad Company,* 176 Md. 1, 5, "* * * the certain and definite allegation of the circumstances and the failure of the defendant to exercise the care which the law required according to these circumstances. If the allegations should be insufficient to show a duty breached which was the efficient cause of the injury, the declaration is bad on demurrer." We do not think the declaration in the case before us measures up to these requirements.

*Judgments affirmed with costs.*