## MONTGOMERY WARD & COMPANY, INC. *v.* HAIRSTON

[No. 55, October Term, 1950.]

*Decided January 10, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MAR-KELL, JJ.

*John W. T. Webb,* with whom were *Webb, Bounds, Travers & Adkins* and *William W. Travers* on the brief, for the appellant.

No brief and no appearance for the appellee.

HENDERSON, J., delivered the opinion of the Court.

Olivia L. Hairston fell and broke her leg while shopping in a store of Montgomery Ward & Co., Incorporated in

Salisbury on October 3, 1947. She recovered a judgment of $1,000 after trial before the court and a jury in Somerset County, to which county her case had been removed. The appellant contends that the case should have been taken from the jury, or that the court should have granted its motion for judgment N. O. V.

The plaintiff testified that she slipped and fell at the foot of stairs leading to the second floor, and that after she fell she observed a spot about as large as a dinner plate covered with an "oily, greenish, grayish substance", in which her left heel had left a mark. She could not say what the substance was, or how long it had been there. A number of witnesses for the defendant, including two customers who saw the plaintiff fall, testified that she slipped on the third step. They all testified that they examined the steps and floor and found no foreign matter there. It was shown that no oily or greasy articles were sold in that part of the store, the articles on sale there being dry goods and clothing. The floor covering was "terrazzo", a smooth, stone-like material, which is not oiled or waxed but is cleaned with a yarn mop to take up the dust. The premises had been thoroughly cleaned after the store closed the previous night, and had been mopped with a dry mop on the morning of the accident. The accident occurred at about 12:30 p.m.

A store-keeper is not an insurer but owes a duty to business invitees to keep the premises in a reasonably safe condition and to remove hazards of which he has actual knowledge or which have continued long enough to charge him with constructive notice of their existence. Restatement, Torts § 343 (a) ; *Moore v. American Stores Co.*, 169 Md. 541, 551, 182 A. 436. In the absence of evidence that the condition causing the injury was created by the acts or omissions of the employees of the defendant, liability depends upon proof that the defendant knew, or ought to have known, that the condition created by an intervening agency existed. For the purpose of the demurrer prayer we must assume the

truth of the plaintiff's testimony that she slipped on an oily spot at the foot of the stairs. But the evidence does not support an inference that the foreign substance was placed there by the employees of the defendant, that its presence was known to them, or that it was there for an appreciable time before the accident.

In the recent case of *Lusby v. Baltimore Transit Co.*, 195 Md. 118, 72 A. 2d 754, we held that an allegation that a passenger slipped on a "wet foreign substance * * * resembling spit or grease" on the floor of a bus, was not good against demurrer, although it was alleged that the spot was within the range of vision of the bus driver. We think that case is controlling.

The cases of *Moore v. American Stores Co.*, supra, and *O'Neill v. Crummitt*, 172 Md. 53, 62, 190 A. 763 are distinguishable. In the former case, where the accident happened in a store beside a meat block and counter, it was said, 169 Md. at page 550, 182 A. at page 440: "The proximity of the meat counter, the fact that the floor was greasy, and that that particular substance [a piece of bacon] was probably on the floor, permitted an inference, not wholly unreasonable, that the greasy condition of the floor was caused by the careless dropping of similar greasy substances on the floor by appellee's employees at the meat counter." In the latter case, where the plaintiff fell in alighting from an elevator in a store, there was testimony that the fall was caused in part by the premature starting of the elevator, and in part by an accumulation of dirt and grease covering the linoleum of the landing platform. While the case was allowed to go to the jury on both counts, the decision was predicated upon a holding that "her status as a passenger continued while leaving the elevator and until she had been landed safely". [172 Md. 53, 190 A. 766.] See comment 3 Md. L. R. 353. This case was also distinguished in the *Lusby* case, supra, 195 Md. 124, 72 A. 2d 756, on the ground that "the evidence indicated a sufficient condition to justify an inference that the greasy substance there should have been noticed by the em-

ployees of the defendant". In the case at bar there was nothing to charge the defendant with notice of the spot. There was positive testimony that the floor had been mopped before the store opened and once during the morning of the accident. If there was foreign matter on the floor, it could have been caused by a customer tracking or dropping the substance immediately prior to the plaintiff's approach. We think the evidence is legally insufficient to support an inference of constructive notice, and the motion for judgment N. O. V. should have been granted.

*Judgment reversed, with costs.*