**D. C. TRANSIT SYSTEM, INC., Appellant,**

v.

**Beulah Diggs SMITH, Appellee.**

No. 2738.

Municipal Court of Appeals for the
District of Columbia.

Argued May 2, 1961.

Decided July 20, 1961.

Anthony E. Grimaldi, Washington, D. C.,
for appellant.

Harold F. Golding, Washington, D. C.,
for appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Re-
tired) sitting by designation under Code
§ 11–776(b).

HOOD, Associate Judge.

This appeal is from a judgment on a jury
verdict in favor of a passenger on a bus for
personal injuries suffered when she slipped
and fell in alighting from the bus. The ap-
peal questions the sufficiency of the evi-
dence to sustain the verdict. The question
was properly reserved by motion for di-
rected verdict at the close of the evidence
and by motion for judgment n. o. v.

There is no dispute that appellee was a
passenger on the bus and that she fell while
attempting to descend from the bus at the
rear door. There were two issues at trial.
First, what was the cause of the fall; and,
second, was the carrier responsible for that
cause.

■ Appellee testified that when she put her foot on the first step she "slipped and fell flat"; but that she did not know what caused her to fall. Another passenger, however, testified that immediately after appellee fell she saw on each of the two steps a round spot, about the size of a silver dollar; that the spots "looked like oil or grease"; that she put her finger on one spot and it "felt slippery like grease." This witness's testimony was corroborated to the extent that a third passenger testified she heard the witness say "Here it is" and saw her holding up her hand on which was "something black like grease or oil." The carrier produced a number of witnesses who testified that they examined the steps immediately after the fall and found no grease or oil on them; but in view of the verdict of the jury we must accept the evidence that there were spots on the steps. Whether there was evidence that the spot caused the fall is debatable, because the only witness who saw the spot said there were no slide or scuff marks on it and when appellee examined her shoes after the fall she found no grease or oil on them. Assuming that the jury could properly find that the spot was the cause of the fall, the question remains whether the jury could properly find that the fall was due to the negligence of the carrier.

■ We have ruled that the high degree of care owed by a common carrier to its passengers extends to them when boarding and alighting;[1] but a carrier is not an insurer and before it can be held liable for injury to a passenger there must be proof of negligence, or facts from which negligence may be inferred, on the part of the carrier.[2] No presumption of negligence on the part of the carrier arises from the mere fact that a passenger falls or slips because of some article or material on the floor or steps of the vehicle. The carrier is liable only when it is shown that it had notice, actual or constructive, of the obstruction in time to remove it and failed to do so.[3]

In the present case there was no evidence how the spots came to be on the steps or how long they had been there prior to the passenger's fall. There was evidence by the carrier that the steps had been inspected at approximately 10:00 a. m. and found to be free from any foreign substance. The accident occurred about 11:45 a. m., and in that interval numerous passengers had departed by those steps. Even the highest degree of care does not require a continuous inspection of the bus.[4] In the absence of any evidence as to the length of time the spots had been on the steps, there is no basis for holding that the carrier knew or should have known of their existence and was negligent in failing to remove them.

■ The passenger attempts to avoid the rule requiring notice by arguing that where the "fall of a passenger on a bus results from grease, oil, or something incidental to maintenance and operation of the conveyance, the inference is that it got there more likely by the negligence of the company's employees than otherwise." We cannot accept this argument. While it is common knowledge that motor buses, like all motor vehicles, require oil and grease in their operation and maintenance, it would be pure speculation for a jury to find that the two spots on the rear steps of the bus were the result of some action by some employee of the carrier.

Reversed with instructions to enter judgment for appellant.

1. Crusade v. Capital Transit Co., D.C. Mun.App., 63 A.2d 878, 8 A.L.R.2d 229.

2. Talbott v. Yellow Cab Co. of D. C., D.C. Mun.App., 121 A.2d 262.

3. Old South Lines, Inc. v. McCuiston, 5 Cir., 92 F.2d 439; Lusby v. Baltimore Transit Co., 195 Md. 118, 72 A.2d 754; Kunz v. Connecticut Co., 127 Conn. 364, 16 A.2d 831; Ross v. Pennsylvania R. Co., D.C.Mun.App., 55 A.2d 346. See also Annotation, 74 A.L.R.2d 1336.

4. Ninni v. Pennsylvania Greyhound Lines, D.C.E.D.Mich., 97 F.Supp. 357; Casale v. Public Service Co-Ordinated Transport, 160 A. 326, 10 N.J.Misc. 611.