LUSBY ET AL. *v.* BALTIMORE TRANSIT COMPANY

[No. 91, October Term, 1951.]

*Decided February 8, 1592.*

*Rehearing denied March 12, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*L. Wethered Barroll* and *Lewin Wethered,* with whom were *Hugo A. Ricciuti* and *Anselm Sodaro* on the brief, for the appellants.

*Benjamin C. Howard,* with whom was *Hamilton O'Dunne* on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

These are appeals from judgments for defendant after demurrers to the declarations were sustained. Defendant

demurred on various grounds, including *res judicata* on the basis of *Lusby v. Baltimore Transit Co.,* 195 Md. 118, 72 A. 2d 754. Defendant has also moved to dismiss the appeals on that ground.

Lack of merit in a plaintiff's case is not ground for dismissing his appeal—unless and until frivolous appeals shall become so numerous as to cause this court to emulate the Supreme Court practice of dismissing appeals "for want of a substantial federal question" by dismissing appeals for want of any substantial question at all. The defense of *res judicata* may be raised by special plea or under the general issue, but not by demurrer unless the declaration on its face shows the former proceedings which are set up as *res judicata. Burkhouse v. Duke,* 190 Md. 44, 47, 57 A. 2d 333. A ruling by this court in analogous circumstances indicates that when it clearly appears from the records of this court that the defense of *res judicata* must eventually prevail, an erroneous ruling sustaining the defense on demurrer to a declaration would not be reversible error. *Wilmer v. Placide,* 137 Md. 107, 113-114, 111 A. 822.

In the instant cases, on the authority of *Lusby v. Baltimore Transit Co., supra,* the demurrers were properly sustained, regardless of the defense of *res judicata.* The instant cases are essentially the same as the former cases. In so holding we do not decide that the defense of *res judicata* would be, or that it would not be, good. We may say, however, that what was said in *Livingston v. Stewart & Co.,* 194 Md. 155, 163, 69 A. 2d 900, 903, and in the authorities there cited, does not mean that any ruling sustaining a demurrer necessarily "does not determine the merits of the case", but "goes * * * to a defect of pleading".

We need not reiterate the reasoning by which in the former cases we held the declarations insufficient, or restate the reasons why we reach the same result in the instant cases. In *Livingston v. Stewart & Co.* we held in effect that the declaration was insufficient because it did not state ultimate facts which constituted

grounds of liability, but attempted to state, very meagre-
ly, evidentiary facts and to obtain on demurrer a ruling
as to the legal sufficiency of the evidentiary facts to
prove unstated facts which would constitute a ground
of liability. In the instant cases the same or worse is
attempted. In the former cases we held the facts al-
leged insufficient as a ground of liability. In the instant
cases plaintiffs have not stated different facts but have
added a few meagre evidentiary facts, which they say
are sufficient to prove unstated facts sufficient to give
rise to liability. The result is far removed from the
proper sphere of either pleading or evidence, viz., an
argumentative reply to this court's opinion in the former
cases. In that opinion we undertook to state principles
applicable to the case stated, and to make the application
to the facts alleged, not a statement applicable only to
the most minute allegations in the declaration and to no
addition to or subtraction from those allegations, how-
ever immaterial the addition or subtraction.

In the former cases the declaration (as particularized
by particulars demanded and furnished) alleged that the
foreign substance "was plainly visible to him [the bus
chauffeur] had he looked". We said, "There is no allega-
tion that he did, in fact, see it." We said the question
before us was whether the allegations show "either that
the substance was there long enough for the agent of
the defendant to notice it, or that it was in such a
position that he should have noticed it." Plaintiffs now
say they have alleged that the substance was "at a dis-
tance not over ten feet from the eyes of, and on the
right hand of, the defendant's chauffeur". This is a
*minutia* which we do not think makes our former opinion
inapplicable to the instant case.

In our former opinion we said, "There is nothing to
show that the operator of the bus had any special duty
to look in that direction." There are no facts to show
this in the instant cases; only argumentative assertion
that the duty existed and an allegation that the substance
"had been present upon the floor of said bus during all

or a substantial part of a fourteen minute period immediately prior to" plaintiff's injury. We think no such duty arose during "all or a substantial part of fourteen minutes". There are no facts to show "that the operator of the bus had any special duty to look in that direction" in the instant cases; only argumentative assertions, connected with the allegations as to the fourteen minute interval and the ten foot distance. We also said "there is nothing to show that the substance described looked dangerous". Again, there is only argumentative assertion, plus an allegation that the "substance resembling spit or grease" was "in the shape of an ellipse four inches by two inches in size".

All this is neither pleading nor evidence. It is only argument with this court. In its essentials the case is the same. The operator's primary duty was to operate the bus and in so doing watch traffic, not to look at the floor for "grease or spit" ten feet from him, and to discover it within "all or a substantial part of fourteen minutes".

Plaintiffs' counsel commend themselves for not alleging what they know they cannot prove. We do not question the good faith of counsel, but we see no great merit on the score of candor and no practical advantages in obliterating the difference between pleading and evidence or abandoning "issue pleading" for "notice pleading". The evidentiary fragments pleaded are not only minute but highly selective. As we said in *Livingston v. Stewart & Co.*, they never could be found alone, without many other facts which would qualify their legal or evidentiary effect. If plaintiffs cannot directly prove facts which constitute liability, they should allege the ultimate facts they hope to prove indirectly by inference from evidence. The way to determine the legal sufficiency of evidence is at the trial, not by a distortion of pleading.

*Judgments affirmed, with costs.*

COLLINS, J., delivered the following dissenting opinion, in which MARBURY, C. J., concurred.

In sustaining the demurrers in the former case we held that there was no allegation that the substance was in such a position that he should have noticed it. In the present declaration the direct allegation is made that: "the presence of which substance was plainly visible to said bus driver during the said fourteen minute period." In the former declaration we held: "There is nothing to show that the operator of the bus had any special duty to look in that direction." In the declaration now before the Court it is alleged: "while said bus was stopped and the attention of the said chauffeur not primarily focused on watching traffic, that said chauffeur in the exercise of the care he owed Plaintiffs should have observed the presence of said foreign substance * * *." In the former declaration we held: "there is nothing to show that the actual substance described looked dangerous." Here it is said: "that said substance appeared to be and was dangerous * * * resembling spit or grease in the shape of an ellipse some four inches by two inches in size * * * appeared to be * * * dangerous to passengers on said bus." I think under the cases of *Hanway v. B. & O. R. R. Co.,* 126 Md. 535, 542, 95 A. 160; *Topp v. United Rys. & Electric Co.,* 99 Md. 630, 639, 59 A. 52; and *Moore v. American Stores Co.,* 169 Md. 541, 182 A. 436, the declaration requires an answer and that the demurrers should have been overruled.

Chief Judge MARBURY joins in this dissent.