Ophelia BATTLE, Plaintiff,

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant/Third–Party Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORP., Third–Party Defendant.**

**Civ. A. No. 88–3207 SSH.**

United States District Court, District of Columbia.

Aug. 25, 1992.

Timothy D. Brown, Jeffrey Gordon Ashin, Christian & Ashin, College Park, Md., for plaintiff.

Janet Rubin Landesberg, David J. Allmond, Jeannette J. Leonard, Office of the Gen. Counsel, Washington, D.C., Thomas Andrew Medford, Jr., Lanham, Md., for WMATA.

Gary Wayne Brown, Edward J. Longosz, Adam White Smith, Miles & Stockbridge, Washington, D.C., for Westinghouse.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the court is third-party defendant's motion for summary judgment as to defendant's third-party complaint which seeks indemnification or contribution for alleged negligence. Because there is no genuine dispute of the material facts and, as a matter of law, no reasonable jury could find third-party defendant liable, the Court grants the motion.

On May 9, 1988, plaintiff Ophelia Battle allegedly slipped on a patch of grease on a floorplate located in front of a descending escalator in the Farragut North Metro station. (Compl. ¶¶ 2–3.) As a result, plaintiff alleges that she fell and sustained injuries. Defendant and third-party plaintiff Washington Metropolitan Area Transit Authority (hereinafter "WMATA") owns the Farragut North station including the escalator on which plaintiff allegedly fell. (Opposition to Motion for Summ. J. at 2.) Third-party defendant Westinghouse Electric Corporation (hereinafter "Westinghouse") services the escalator pursuant to a contract with WMATA. (Third–Party Compl. ¶ 4.)

According to the terms of the service contract, Westinghouse has a duty to repair and to maintain the escalator. Westinghouse also must indemnify WMATA for any personal injuries that result from the negligence of its employees in connection with repairs under the contract. (Ex. E.) Westinghouse is not required to clean the exposed surfaces of the escalator. (*See id.*)

Plaintiff has sued WMATA claiming that its alleged negligence caused her injuries. In turn, WMATA has impleaded Westinghouse, alleging that Westinghouse's negligence caused plaintiff's injuries, and seeking indemnification under the service contract.

WMATA argues that Westinghouse's negligence should be inferred because its employees typically use a grease-like substance when making repairs, and because a Westinghouse employee serviced the esca-

lator in question four days prior to plaintiff's alleged fall. (Aff. of Theodore Perper ¶ 5; Aff. of Dolly Ferguson ¶ 3.) Plaintiff contends that she used the particular escalator at issue every day for two weeks prior to her alleged fall. (Depo. of Ophelia Battle at 33.) She also alleges that she had never seen any substance on the floorplate prior to falling. (*Id.*) WMATA claims that because plaintiff did not specifically say that she had looked at the floorplate every day prior to the accident, it is possible that she simply may not have observed the grease prior to her alleged fall. WMATA asserts that the grease may therefore have been present on the floorplate several days before the alleged accident.[1] Even construing the facts in a light most favorable to the nonmovant, *see Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), the evidence is insufficient to support a finding that Westinghouse was negligent.

An inference of negligence is improper under *District of Columbia Transit Sys., Inc. v. Smith,* 173 A.2d 216 (D.C.Mun.Ct. App.1961). The plaintiff in *Smith* allegedly fell after slipping on grease on a bus step. After ruling out negligence based on having actual or constructive notice of the grease, the court addressed the possibility that the bus company, through its employees, was negligent in causing the grease to be present on the steps. The bus steps had been inspected and found to be free of grease approximately one hour before plaintiff fell. Numerous bus patrons used the steps during the hour between the inspection and the fall. Under those facts, the court ruled as a matter of law that the fact that the defendant routinely used grease to maintain the bus was insufficient, without more, to support an inference of negligence. *See id.*

In this case, there is no direct evidence regarding when or how the alleged grease came to be on the floorplate. The only evidence suggesting that Westinghouse was responsible is the fact that it uses a grease-like substance to repair the escalator. However, the most recent repair occurred four days before plaintiff's alleged fall. That evidence is insufficient to support a finding that Westinghouse caused the grease to be on the floorplate. Third-party plaintiff fails to offer any other evidence to support its allegation that a Westinghouse employee was responsible for the presence of the alleged grease.[2] Because the evidence is insufficient to show that Westinghouse negligently left grease on the escalator floorplate, third-party defendant's motion for summary judgment as to defendant's allegation of negligence is granted.

Accordingly, it hereby is

ORDERED, that third-party defendant's summary judgment motion is granted. The clerk shall enter final judgment in favor of third-party defendant Westinghouse with regard to defendant's third-party complaint.

SO ORDERED.

---

1. Plaintiff's testimony suggests that the grease was not on the floorplate prior to the day of her alleged fall. However, as WMATA notes, it is possible that the grease was there but plaintiff did not look at the floorplate and therefore did not see it. WMATA's argument only serves to highlight the fact that there is no direct evidence as to when or how the grease came to be on the floorplate. Defendant's speculation that the grease was on the floorplate for four days prior to the alleged fall is insufficient, without more, to support a finding that Westinghouse was negligent.

2. Westinghouse argues that WMATA's duty to inspect and clean exposed surfaces exempts it from its contractual duty to indemnify WMATA for the negligence of its employees. The Court rejects this contention.