Norbert RONK, III, Plaintiff,

v.

The CORNER KICK, INC.,
et al., Defendants.

No. PJM 93–CV–204.

United States District Court,
D. Maryland.

April 26, 1994.

Soren Peter West, West & Galebach, Gaithersburg, MD, for plaintiff.

Joseph Moura, Carr, Goodson & Lee, Rockville, MD, for defendants.

## OPINION

MESSITTE, District Judge.

Plaintiff NORBERT RONK III sues Defendant THE CORNER KICK, INC. and its individual owners, alleging that he was injured while playing racquetball at a court owned and operated by Defendants. Plaintiff says he slipped on water which Defendants negligently allowed to collect on the floor of the court; that they had actual notice of the condition which caused the fall in sufficient time to permit it to be corrected; and that they failed to inspect the court to make it safe for business invitees or to warn of the condition which caused the fall.

Defendants, citing a number of grounds, have filed a Motion for Summary Judgment which Plaintiff has opposed. Both sides rely on supporting affidavits.

The pivotal and ultimately dispositive questions in this case are whether Plaintiff has raised a genuine issue of material fact as to either causation or as to actual or constructive notice. Finding that Plaintiff has

not passed these critical initial hurdles, the Court grants Defendants' Motion for Summary Judgment.

## I.

In the early afternoon of January 25, 1990, Plaintiff was playing racquetball at The Corner Kick, Inc., a multi-sports facility in Gaithersburg. After playing for a period of time, he alleges he slipped on water which had accumulated on the floor in the front left corner of the court, causing him to slide forward into the front wall and dislocate his right ankle. He contends this occurred through no fault of his own.

In his deposition, Plaintiff indicated that the water covered an area 3 to 4 feet long and was 6 to 8 inches wide. Neither Plaintiff nor any eyewitness, however, is able to say how the water came to be located on the floor. Instead, Plaintiff relies upon expert testimony (put forth some four years after the fact) suggesting that a negligently maintained heating/air conditioning/ventilation (HVAC) system was the probable cause of the floor's wetness. On the issue of notice, Plaintiff adduces one witness who states that he observed moisture building up on the walls or floor of the court "maybe 3 or 4 times ... since 1987." [1] A second witness indicates that he noticed moisture accumulating at the base of the walls when he began to play racquetball there in the summer of 1989. Neither witness, however, claims he ever advised Corner Kick or its managers of the moisture problem and the company's employees deny they were ever aware of any such problem despite regular inspections.

## II.

Federal Rule of Civil Procedure 56 governs the matter of summary judgment in

Federal Court.[2] It is appropriate if there is no genuine issue of material fact that could lead a rationale trier of fact to find for the non-moving party, *Anderson v. Liberty Lobbying, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While all justifiable inferences must be drawn in favor of the non-movant, *Miltier v. Beorn,* 896 F.2d 848 (4th Cir.1990), a non-moving party cannot create a genuine issue of material fact through mere speculation or the building of inference upon inference. *Beale v. Hardy,* 769 F.2d 213 (4th Cir.1985).

## III.

Although Defendants dispute the matter, the Court will assume for present purposes that Plaintiff was a business invitee of Defendants.[3]

In that regard, under the law of Maryland a business proprietor has a duty to patrons to exercise ordinary care to keep his premises in reasonably safe condition. *Moulden v. Greenbelt Consumer Services, Inc.,* 239 Md. 229, 210 A.2d 724 (1965). The mere existence of a defect or danger is insufficient to establish liability, Prosser and Keeton, *The Law of Torts,* Section 61 (5th ed.), unless the proprietor either created the dangerous condition *or* had actual or constructive knowledge of its existence. *Moulden,* 210 A.2d 724; *Lexington Market Authority v. Zappala,* 233 Md. 444, 197 A.2d 147 (1964); *Montgomery Ward v. Hairston,* 196 Md. 595, 78 A.2d 190 (1951). On either theory Plaintiff's case, quite simply, never proceeds beyond gossamer speculation and airy inference.

Plaintiff posits first that Defendants created the wet floor because they failed to properly maintain the HVAC system, which is cited as the source of the wet spot. But

---

1. It is not clear whether "since 1987" is intended to mean between 1987 and January 1990, when the accident occurred, or between 1987 and some time after January 1993, when this suit was filed and the witness deposed.

2. Both Plaintiff and Defendants cite extensively to Maryland's state Rules of Procedure cases pertaining to summary judgments. While State law applies to the substantive issues in a diversity case such as this, *Erie Railroad Co. v. Tompkins,*

304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Federal Rules of Procedure govern all matters of procedure including summary judgment. Fed.R.Civ.Proc. 1; *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

3. The dispute over Plaintiff's status arises because, on the day of the accident, according to Defendants, Plaintiff may have overstayed his allotted time on the court.

the evidence supports no inference, beyond surmise, that the HVAC system was more likely than not the cause-in-fact of the wet spot. No witness is able to say, for instance, that he saw the water emanating from a heating or cooling vent. Indeed, no witness claims to have seen an accumulation of water, as opposed to moisture, on the floor prior to the date of the accident. An HVAC expert some three or four years after the fact may well opine that the HVAC system was the cause, but on the day in January, 1990 when Plaintiff fell, the wet spot might as easily have come from a hole in the roof, water or ice tracked in by earlier players or the contents of a thermos jug inadvertently spilled on the floor. Where the presence of a foreign substance on a floor is explainable by causes beyond a proprietor's control as well as within it, it is impermissible for a trier of fact to conclude that the proprietor's cause was the cause-in-fact. *See Lexington Market Authority,* 197 A.2d 147 (no liability for grease spot on floor of parking lot, which may have leaked moments before from nearby car); *Montgomery Ward,* 78 A.2d 190 (no liability for oily, greenish, gray substance on step where no indication defendant or agents placed it there); *Lusby v. Baltimore Transit Co.,* 195 Md. 118, 72 A.2d 754 (1950) (no liability for wet foreign substance resembling spit or grease on floor of bus, even if in field of vision of bus driver). In short, the water on the floor in this case cannot, as a matter of law, be deemed a direct consequence of Defendants' negligence.

In the absence of evidence that the condition causing injury to a business invitee was created by the act or omissions of the employees of a defendant, liability depends upon proof that defendant knew or ought to have known that the condition created by an intervening agency existed. *Montgomery Ward,* 78 A.2d 190. But Plaintiff's case falters in this respect as well. No one ever called a wet spot to Defendants' attention on a previous occasion. Defendants' employees, on the other hand, state without contradiction that they had no actual notice of a wet spot, despite frequent and periodic inspections.

As far as actual notice is concerned, that is the end of the matter.

Plaintiff's theory of constructive notice fares no better. What he must prove is that Defendants had constructive notice of the wet spot and its capacity for danger on the day in question. But Plaintiff cites no evidence as to how long the particular offending wet spot was on the floor, such that Defendants should have been on notice on January 25, 1990. What he proffers instead is evidence that two individuals observed moisture on the walls and floor of the racquetball court on perhaps five-six-or seven occasions over approximately a three-year period prior to the accident.[4] But even if moisture in those locations could be equated with an actual accumulation of water on the floor—a highly questionable proposition—these observed incidents are too few and far between, as well as too remote in time, to have put Defendants on constructive notice as of January, 1990 when Plaintiff fell.

Plaintiff's evidence of Defendants' negligence is, in sum, no more than mere surmise, which is insufficient as a matter of law to raise a triable issue. *Moulden,* 210 A.2d 724. The Court accordingly grants Defendants' Motion for Summary Judgment.

### ORDER

Upon consideration of Defendants' Motion for Summary Judgment and Plaintiff's Opposition thereto, it is this 26th day of April, 1994

ORDERED that Defendants' Motion be and the same is hereby GRANTED; and it is further

ORDERED that final judgment is entered in favor of all Defendants and against the Plaintiff, costs to be paid by Plaintiff.

4. See n. 1.