ANNA VAILLANCOURT *vs.* REX REALTY CORP.

Bristol. October 23, 1950. — December 5, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Landlord and Tenant*, Common passageway, Landlord's liability to tenant or his family or his invitee. *Proximate Cause.*

An invitee of a tenant of one of the apartments in an apartment house could not recover from the landlord for injuries sustained in a common passageway from tripping over a rock placed against the outside door, where, although there was evidence that the landlord's agent knew or ought to have known of the presence of the rock in the passageway, there was no evidence that the landlord or his agent had placed it there or that the landlord was bound by any special agreement to keep the passageway clear.

Injuries sustained from tripping over a rock placed against a door in a common passageway to keep it open could not be said to have been caused by a broken condition of a spiral spring with which the door was equipped to keep it shut.

TORT. Writ in the Superior Court dated November 20, 1945.

The action was tried before *Warner*, J. A verdict for the plaintiff was recorded subject to leave reserved, and thereafter the judge ordered entered a verdict for the defendant. The plaintiff alleged exceptions.

*W. A. Torphy*, for the plaintiff, submitted a brief.

*W. J. Fenton*, for the defendant.

RONAN, J. The plaintiff was injured on May 19, 1945, as she was walking along a common passageway while leaving the home of her daughter, who occupied one of the seven apartments in the defendant's building, by tripping over a large rock which was placed against the outside door for the purpose of keeping it open. When the daughter became the defendant's tenant in April, 1945, this door was equipped with a spiral spring which kept it shut when it was not in use, but three or four days after her tenancy began the spring had broken and someone had placed a rock against the door. There was evidence that the defendant's agent, who came each week to collect the rent, knew or ought to have known of the presence of the rock, but there was no evidence that the defendant or its agents or servants placed the rock in the common passageway. There was no structural defect in the passageway. The plaintiff excepted to the entry of a verdict for the defendant under leave reserved.

The plaintiff in using the passageway had the same rights against the defendant as did her daughter, the tenant. Unless there was a violation of a duty that the defendant owed to the tenant, there could be no recovery by the plaintiff. *McDermott* v. *Merchants Cooperative Bank*, 320 Mass. 425. *O'Brien* v. *Boston & Maine Railroad*, 325 Mass. 451. In the absence of a special agreement, as here, a landlord is under an obligation to refrain from negligently placing by himself or his agents or servants any obstruc-

tions in a common passageway, but he is under no obligation to remove them if they were put there by strangers or third persons. *Hunter* v. *Goldstein*, 267 Mass. 183. *Prushensky* v. *Pucilowski*, 269 Mass. 477. *Richmond* v. *Warren Institution for Savings*, 307 Mass. 483. *Bacon* v. *Jaques*, 312 Mass. 371.

The plaintiff contends that the rock had been substituted for the spring, and that if the spring had continued in operating condition the rock would not have been placed in the common passageway. The rock can hardly be considered as a substitute for the spring, for the spring kept the door shut while the rock kept it open. Even if the door would not remain shut after the spring was broken, there is nothing to show that the plaintiff's injury was due to the failure of the door to stay closed when not in use, or in fact to the door being in any position. The cause of the accident was due not to the broken spring but to the rock, and as the defendant was not shown to be responsible for the presence of the rock it cannot be held liable for the plaintiff's injury.

*Exceptions overruled.*