OVID GOTHREAU ET AL. *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued December 7, 1960—decided January 12, 1961

*Jay W. Jackson,* for the appellant (named plaintiff).

*William L. Hadden, Jr.,* with whom, on the brief, was *Clarence A. Hadden,* for the appellees (defendants).

MELLITZ, J. The defendant Westcott Construction Corporation was engaged in constructing a bridge in Putnam for the defendant railroad. The named plaintiff, hereinafter called the plaintiff, was employed by a firm which supplied kerosene to Westcott at the bridge site. Westcott knew that it was the practice of the plaintiff's employer to require a receipt for all deliveries. On three occasions prior to March 28, 1957, the plaintiff delivered kerosene to the project, and on each occasion he sought out Westcott's foreman at different places around the construction area to obtain a receipt. The plaintiff was not restricted from going anywhere in the area, and there were no signs or barricades warning of any danger. On March 28, 1957, he made a delivery of kerosene to the construction site. He searched for the foreman to obtain a receipt and was told by employees of Westcott that the foreman was on an abutment about thirty-three feet above the ground. The plaintiff climbed a ladder to the top of the abutment and started to walk toward the foreman, who

was about forty feet away. He reached a point about ten feet from the foreman when his foot struck some object and he was caused to fall to the railroad tracks thirty feet below, sustaining serious injuries. No evidence was presented as to the nature of the object which caused the plaintiff's fall or how long it had been there. During argument, counsel for the plaintiff stated that the appeal was abandoned as to the defendant railroad.

It is unnecessary to determine whether the status of the plaintiff, when he climbed the abutment, was that of an invitee, as he claims, or no more than that of a licensee, as Westcott contends. *Knapp* v. *Connecticut Theatrical Corporation,* 122 Conn. 413, 416, 190 A. 291. In either case, it was fundamental to a recovery by the plaintiff that he establish that his injuries were caused by negligence on the part of one or both of the defendants. The plaintiff was required to remove this issue from the realm of surmise and speculation. *Burke* v. *West Hartford,* 147 Conn. 149, 151, 157 A.2d 757. The defendants were not insurers of the safety of the plaintiff. Even if he was a business visitor, he was required to establish that the defendants had notice, actual or constructive, of the defective condition which allegedly caused him to fall, and that the condition had existed for a sufficient length of time to have afforded the defendants, in the exercise of reasonable care, an opportunity to discover it and either to remedy it or to give warning of its presence. *Esposito* v. *Hospital of St. Raphael,* 142 Conn. 95, 97, 111 A.2d 545; *Kunz* v. *Connecticut Co.,* 127 Conn. 364, 366, 16 A.2d 831; *Drible* v. *Village Improvement Co.,* 123 Conn. 20, 24, 192 A. 308. The evidence was completely barren of facts from which these elements could be established. The action of the court

in directing a verdict for the defendants was proper.
There is no error.

In this opinion the other judges concurred.