# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

DORIS CLAIRE DESCHENEAUX BARREE *vs.* NORMAN GERALD BARREE. April 29, 1965. Decree affirmed. This is an appeal by the libellee from a decree granting a divorce to the wife on the ground of cruel and abusive treatment. The judge made a report of the material facts. We see no need to summarize the findings of the judge. They show, beyond doubt, that the acts of the libellee constituted cruel and abusive treatment of his wife. *Mooney* v. *Mooney,* 317 Mass. 433, 435. *Reed* v. *Reed,* 340 Mass. 321, 323. There was no error.

*Robert D. Moran* for the libellee.
*Bernard Glazier* for the libellant.

LAWRENCE GILLETTE *vs.* PLANTE PROPERTIES, INC. May 3, 1965. Exceptions overruled. The plaintiff, a tenant of the defendant, alleges error in the allowance of the defendant's motion for a directed verdict. Approximately six weeks prior to the accident on which this action is based the defendant's janitor commenced putting ashes in holes in the yard to the rear of the defendant's premises. In the ashes were some clinkers of undetermined size. In order for the plaintiff to reach the rubbish and garbage cans located in the back yard it was necessary to cross the yard. While taking some garbage to the trash cans at about dusk the plaintiff fell over a clinker the size of a grapefruit and was injured. The record contains no evidence that the defendant, directly or indirectly, was responsible for the presence of the clinker on the spot where the plaintiff fell. Without such evidence any finding for the plaintiff would of necessity be based upon conjecture. *Prushensky* v. *Pucilowski,* 269 Mass. 477, 479. *Vaillancourt* v. *Rex Realty Corp.* 326 Mass. 534. The defendant's motion was properly allowed.

*Edward N. Hurley & Gerald J. Parish,* for the plaintiff, submitted a brief.
*Philip J. Ryan* for the defendant.