SUSAN LOMBARDI ET AL. *v.* J. A. BERGREN DAIRY FARMS, INC.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued June 2—decided June 28, 1965

*John P. McKeon,* for the appellants (plaintiffs).

*J. Brooks Johnson, Jr.,* for the appellee (defendant).

House, J.   The plaintiffs, Susan Lombardi, a minor, and her mother, instituted this action against the defendant to recover damages for personal in-

juries sustained by Susan, hereinafter referred to as the plaintiff. The court directed a verdict in favor of the defendant and thereafter denied the plaintiffs' motion to set the verdict aside. The plaintiffs have appealed.

The trial court filed no memorandum of decision explaining its denial of the motion, thus leaving this court without any information as to the underlying reasons. The briefs and claims of counsel, however, both proceed on the premise that the decision of the trial court was predicated upon the conclusions that the substituted complaint failed to state a cause of action and that there was insufficient evidence to present a question of fact for the jury's determination on the issue of the defendant's alleged negligence and its causal relation to the plaintiff's injuries.

We first examine the complaint to determine if it states a cause of action. In brief, it is alleged that the plaintiff resided with her parents in Enfield; that they were regular customers of the defendant dairy, which had supplied them with a box to be kept by their side door for the deposit of milk bottles; that on or about July 4, 1961, the defendant's delivery man, who knew that there were three small children resident on the premises, delivered a two-quart bottle of milk and, instead of depositing it in the milk box, left it in front of the storm door, which was hinged to open outward. The two most significant paragraphs of the complaint then follow: "6. Shortly thereafter, the plaintiff, Susan Lombardi, came out of the house through the side entrance, struck the said two-quart bottle breaking the same and landing on said broken glass, receiving serious personal injuries which are hereinafter more fully described. . . . 8. The defendant was

negligent in that it failed to place said milk in the box provided for that purpose; in that it placed the milk in an improper and unsafe place; in that it left said milk in a place where it was likely to cause injury to the occupants of such home particularly the said minor plaintiff." The complaint then proceeds in usual form to recite in three paragraphs the damages claimed to have resulted "[s]olely as a result of the negligence of the defendant as aforesaid."

It is the claim of the defendant that the complaint fails to state a cause of action because the only negligence alleged is in the placing of the bottle of milk, which the plaintiff thereafter "struck", with no allegation as to how the plaintiff happened to strike the bottle or happened to land on it and no allegation that any act of the defendant caused the plaintiff to strike the bottle or caused her to land on it.

The burden rests on the plaintiff to allege a recognizable cause of action in her complaint. *Stavnezer* v. *Sage-Allen & Co.,* 146 Conn. 460, 461, 152 A.2d 312. In a negligence action it is incumbent upon the plaintiff to allege and prove not only the negligence of the defendant but a causal relation between the negligence alleged and the damages claimed. A causal relation between the defendant's wrongful conduct and the plaintiff's injuries is a fundamental element without which a plaintiff has no case. Hence, this causal relation must be alleged and proved. *Gothreau* v. *New York, N.H. & H.R. Co.,* 148 Conn. 65, 67, 167 A.2d 244; *Kinderavich* v. *Palmer,* 127 Conn. 85, 15 A.2d 83; *Mahoney* v. *Beatman,* 110 Conn. 184, 147 A. 762; see Green, "Proximate Cause in Connecticut Negligence Law," 24 Conn. B.J. 24.

While it is true that the complaint contains no

express allegation that any act of the defendant caused the plaintiff to strike the milk bottle, nevertheless, three specific acts of negligence on the part of the defendant are alleged followed by an express allegation that "[s]olely as a result of the negligence of the defendant as aforesaid" the plaintiff was injured. There was thus a sufficient allegation of the necessary element of causation related to the negligence alleged, and the complaint adequately stated a cause of action for common-law negligence.

We next consider the evidence offered in proof of the plaintiff's allegations. Directed verdicts are not favored and should be granted only when the jury could not reasonably and legally reach any other conclusion. *Santor* v. *Balnis,* 151 Conn. 434, 435, 199 A.2d 2; *Kirchner* v. *Yale University,* 150 Conn. 623, 624, 192 A.2d 641; *Bader* v. *United Orthodox Synagogue,* 148 Conn. 449, 455, 172 A.2d 192. We must review the action of the trial court in the light of the evidence most favorable to the plaintiff. *Nuzzo* v. *Connecticut Steel Co.,* 147 Conn. 398, 400, 161 A.2d 791; *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 547, 135 A.2d 597.

The jury might reasonably have found the following facts: On July 4, 1961, the plaintiff was four years of age and lived with her parents and two sisters. The defendant sold and delivered milk to the plaintiff's family and had furnished a wooden box into which the milk bottles could be placed. The box was kept adjacent to the side door of the plaintiff's house. A storm door on this entrance opened outwards onto a carport. The defendant's deliveryman knew that there were small children in the house. On July 4, the defendant's deliveryman delivered a two-quart bottle of milk and left it on the ground of the carport in front of the step. The

plaintiff saw the deliveryman come and leave the milk and told her mother that the milkman had come. When her mother had finished washing clothes in the basement, she came up to the kitchen, granted the plaintiff's request to go outside and gave her some lollipops to take across the street to her cousins. When the plaintiff went out the side door and down the step, she was in a hurry and came in contact with the milk bottle, which broke, and the plaintiff was cut by the broken glass.

As to these basic facts there is little or no disagreement. The dispute arises over the precise circumstances of the plaintiff's fall and whether there was evidence which would justify a jury in finding that the defendant was negligent in one or more of the three ways alleged and, if so, whether such negligence was a proximate cause of the injuries the plaintiff sustained.

As already noted, the complaint states merely that the plaintiff "struck the said two-quart milk bottle breaking the same" without alleging what caused the striking. Only three acts of negligence are alleged to have resulted in the plaintiff's injuries, and they are all limited to an alleged negligent placing of the milk bottle. No witness saw the plaintiff fall, and, on this appeal, she relies on direct statements in her own testimony that the bottle left by the milkman caused her to fall. Taken alone and without more, it might well be held that this evidence would be sufficient to support a plaintiff's verdict.

In addition, however, to the evidence as submitted to this court in the appendices to the briefs as provided by § 721 of the Practice Book, the plaintiff, without objection, had also introduced as an exhibit a deposition of the plaintiff concerning the circumstances surrounding her injury. An examination of

all of this testimony discloses a mishmash of incredibly inconsistent statements by the plaintiff regarding the circumstances of the fall. While at times the plaintiff asserted that the milk bottle caused her to fall, she just as consistently asserted that she fell because she was running and tripped on her untied shoelace and again that she tripped on a metal strip across the threshold—a fact which she had not previously disclosed because her mother told her not to tell that to anybody.[1]

The plaintiff's inconsistent versions as to the cause of her fall cannot be taken as judicial admissions under our rule. *Andrea* v. *New York, N.H. & H.R. Co.*, 144 Conn. 340, 345, 131 A.2d 642; *Kanopka* v. *Kanopka*, 113 Conn. 30, 38, 154 A. 144. A trier of fact, whether court or jury, may accept part of the testimony of a witness although it rejects the rest. It is fundamental to a recovery by the plaintiff, however, that she establish that her injuries were caused by the alleged negligence on the part of the defendant and remove this issue from the realm of surmise, guess, conjecture and speculation. *Gothreau* v. *New York, N.H. & H.R. Co.*, 148 Conn. 65, 67, 167 A.2d 244; *Peters* v. *Billick*, 147 Conn. 699, 702, 166 A.2d 146; *Chasse* v. *Albert*, 147 Conn. 680, 683, 166 A.2d 148; *Bruce* v. *McElhannon*, 141 Conn. 44, 48, 103 A.2d 335. This the plaintiff obviously failed to do.

There is no error.

In this opinion the other judges concurred.

---

[1] The concluding five questions and answers in the plaintiff's deposition are typical: "Q.—Now, what made you fall? A.—The bottle. Q.—The bottle. A.—Yes. . . . Q.—Susan, this happened because your shoe was untied. A.—Yes. Q.—And you tripped over that piece of metal and fell on the bottle. A.—Yes. Q.—Isn't that what happened? A.—Yes."