HAZEL L. MONAHAN, ADMINISTRATRIX (ESTATE OF JOHN MONAHAN) *v.* WILLIAM MONTGOMERY, CONSERVATOR (ESTATE OF LUCIE HEITMANN)

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued December 8, 1965—decided January 25, 1966

*Thomas F. Keyes, Jr.,* with whom, on the brief, was *Walter A. Mulvihill,* for the appellant (defendant).

*Alfonse C. Fasano,* for the appellee (plaintiff).

HOUSE, J.  The plaintiff is the administratrix of the estate of her husband, whom, in the interest of brevity, we will hereinafter call the decedent. William Montgomery is the conservator of the estate of Lucie Heitmann, whom, for the same reason, we will call the defendant.

There is no dispute about the general circumstances giving rise to the suit.  The decedent and the defendant were neighbors.  On the defendant's property there was a two-car garage with a single driveway leading to it.  The decedent rented one stall of the garage for the plaintiff's car while the

defendant retained the use of the other. The decedent in 1957 had suffered a coronary thrombosis but had made a very good recovery and was in good health. In March, 1962, the plaintiff asked the decedent to go over and rake up the garage driveway, where there was an accumulation of leaves and branches. Trees overhung both sides of the driveway and had dead branches on them. The premises were located close to the shore of Long Island Sound, where it was windy, and as a result leaves and branches were blown around. The decedent first raked up a pile in front of the stall he rented and then started to rake up in front of the defendant's side of the garage. There were no witnesses to his fall. The plaintiff looked over from their house and saw the decedent lying in the driveway, stretched out at a right angle to the garage with his head nearest to the garage and about one foot away from the apron of the garage. His head was opposite the middle of the defendant's stall. He had a rake in his hand and stated to the plaintiff and to a neighbor that he tripped over a branch and fell. He never pointed out or identified any particular branch. An ambulance was called, and he was taken to a hospital, where he died two days later.

In the complaint it is alleged that the death was caused by the negligence of the defendant in failing to keep her premises in a reasonably safe condition in that, in the area of the garage, the premises "were endangered by twigs, branches from bushes and trees" and that the driveway "with the broken branches and twigs from the trees and bushes, strung along the ground, had a tendency to inflict harm upon a user of said driveway." An allegation that "said premises including said driveway were under the control of the defendant" was admitted.

The jury returned a verdict for the plaintiff, and the defendant has appealed, assigning error in the denial of the defendant's motions for a directed verdict, for judgment notwithstanding the verdict and to set the verdict aside. The assignment of error concerning the court's refusal to find certain facts has not been briefed and is therefore treated as abandoned. *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 659, 211 A.2d 687. The remaining assignments of error relate to the charge. They reassert the basic contentions of the defendant's motions that there was no evidence that the defendant had notice of the presence of the branch over which the decedent fell, that he was, under the circumstances, a licensee, and that the evidence did not disclose any breach of duty on the part of the defendant to him as a licensee.

So far as the status of the decedent as an invitee or a licensee is concerned, the jury were fully and properly instructed as to the difference between them and the tests to be applied in the determination as to which of the two categories the decedent belonged under the circumstances as the jury might find them. Although the court did not use the technical term "licensee," it did correctly charge on the law which was applicable if the decedent had that status. The court, in its charge, correctly following the rule as laid down in such cases as *Hennessey* v. *Hennessey,* 145 Conn. 211, 213, 140 A.2d 473, and *Sokoloski* v. *Pugliese,* 149 Conn. 299, 301, 179 A.2d 603, instructed the jury that, if, under the circumstances, they found that the decedent fell in an area which was beyond that which the defendant might reasonably have contemplated would be used by her tenant in the use and enjoyment of the leased premises, there could be no recovery by the plain-

tiff and their verdict must be for the defendant. The verdict for the plaintiff, therefore, established that the decedent was not a licensee and that the duty owed to him by the defendant was the duty owed by the owner of premises to an invitee.

For the plaintiff to recover for the breach of a duty owed to the decedent as an invitee, it was incumbent upon her to allege and prove that the defendant either had actual notice of the presence of the specific unsafe condition which caused the decedent's fall or constructive notice of it. *White* v. *E & F Construction Co.*, 151 Conn. 110, 113, 193 A.2d 716; *Morris* v. *King Cole Stores, Inc.*, 132 Conn. 489, 492, 45 A.2d 710. The plaintiff made no claim of any actual notice but relied on a claim of constructive notice, that is, that the situation had existed for such a length of time that, had the defendant exercised reasonable supervision of her premises, she would have known of its existence. We have repeatedly stated that the notice, whether actual or constructive, must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it. *White* v. *E & F Construction Co.*, supra, 114; *New Britain Trust Co.* v. *New York, N.H. & H.R. Co.*, 145 Conn. 390, 393, 143 A.2d 438; *Drible* v. *Village Improvement Co.*, 123 Conn. 20, 23, 192 A. 308. On a question of notice, the trier's consideration must be confined to the defendant's knowledge and realization of the specific condition causing the injury, and such knowledge and realization cannot be found to exist from a knowledge of the general or overall conditions obtaining on the premises. *Krause* v. *Almor Homes, Inc.*, 149 Conn. 614, 618, 183 A.2d 273.

We recognize the problems of proof which faced

both parties to this action. There were no eyewitnesses to the fall, and the only testimony as to the cause was the statement of the decedent at the scene that he fell over a branch. His subsequent death foreclosed any opportunity of obtaining further information from him. The aged defendant was, at the time of trial, confined to the Connecticut Valley Hospital with no memory and was unable to talk or answer questions. Nevertheless, for the plaintiff to recover it was necessary for her to allege and prove that the defendant had actual or constructive notice of the existence of the specific defect and that that defect in fact caused the decedent's injuries. It was incumbent upon the plaintiff to remove these issues from the realm of surmise, guess, conjecture and speculation. *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 25, 213 A.2d 449; *Gothreau* v. *New York, N.H. & H.R. Co.,* 148 Conn. 65, 67, 167 A.2d 244; *Gillette* v. *Plante Properties, Inc.,* 349 Mass. 760, 207 N.E.2d 304.

In reviewing the rulings of the court in denying the defendant's motions, we consider the evidence in the light most favorable to the plaintiff. *Santor* v. *Balnis,* 151 Conn. 434, 435, 199 A.2d 2; *Bambus* v. *Bridgeport Gas Co.,* 148 Conn. 167, 168, 169 A.2d 265. There was evidence as to the general condition of the premises, the existence thereon of dead leaves, brush, branches and debris and the existence in a windy location of overhanging trees with dead branches. There was an abundance of evidence as to the existence of a general condition naturally productive of the existence on the driveway of a branch over which a person raking the area could fall and sustain injury. As we have noted, however, proof merely of the existence of such a general condition is not sufficient. The plaintiff's claim of proof

is that the decedent raked up a pile of branches and leaves in front of one stall and then started to rake up a pile in front of the other stall and that "[w]hile in the driveway he tripped over a broken branch" and fell. No particular branch was ever identified. Whether it was a specific isolated branch or a component part of an accumulation of debris is not disclosed. There was no evidence whatsoever as to how long it had been in the position it was in when the decedent fell over it, its size, whether it had just fallen or been blown there, whether it was a portion of branches, leaves and bushes which had collected over a period of time, or, in any circumstance, whether it had been in the location for some time or had just been placed there or moved into that position by the decedent himself since he was on the premises for the express purpose, and was actually engaged in the process, of moving the branches and general debris. For all that appears the branch may have been a part of the debris which the decedent himself had just collected and gathered into a pile in front of the garage. Nor is there any evidence at all as to how and to what extent the branch was a causative factor in the decedent's fall.

In short, whatever the conditions on the defendant's premises may have been before the decedent himself undertook to change them, it is undisputed that he did himself intentionally and materially change them and in fact was in the process of changing them when he in some undisclosed manner tripped over a branch and fell.

Under the circumstances, there was no evidence from which the jury could reasonably conclude that the claimed specific defect had existed for such a sufficient length of time that the defendant should

have discovered it in the exercise of a reasonable supervision of her premises or to what extent it was a material factor in causing the injuries which the decedent sustained. Accordingly, the court should have granted the defendant's motion for a directed verdict or, pursuant to Practice Book § 255, granted the defendant's motion for judgment notwithstanding the verdict.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.