*Northern District*
No. 6387

## GERALDINE BAILEY ET AL

v.

## BOSTON HOUSING AUTHORITY

Argued: Feb. 8, 1967     Decided: March 2, 1967

*Present:* Brooks, P.J., Connolly, Yesley, J.J.
Case tried to Troy, J. in the Municipal Court of the Dorchester District   No. R2105

*Connolly, J.*  At the time the plaintiff received the injury for which she *brings this action of tort,* she was about 12 years of age and lived in an apartment with her mother. The apartment was contained in a housing project in the City of Boston that was owned by the defendant.. The mother of the plaintiff occupied the apartment under a lease.

On the day the plaintiff received her injury, she was swimming with other children in a wading pool located on the project. She was in and around the pool most of the day. She stepped on something in the pool and saw blood rising in the water. She saw a piece of broken glass removed from the pool and that her right foot was cut. A man (presumably an employee of the defendant) was working around the pool on the date of the accident. He cleaned the area, sometimes drained the pool and was the one who removed the broken glass after the accident.

At the close of the trial, the defendant filed Requests for Rulings including —

> "(1) The evidence is not sufficient to warrant a finding the plaintiff, Geraldine Bailey, was injured by reason of the negligence of the defendant, its agents or servants."

The request was denied and the Court found for the plaintiff.

The denial of the request was prejudicial error.

There is no evidence in the report that the defendant, directly or indirectly, was responsible for the presence of the broken glass that caused the injury to the plaintiff. *Curran* v. *Boston Housing Authority, et al* 1966 A. S. 311; *Gillette* v. *Plante Properties Inc.,* 349 Mass. 760; *Vaillancourt* v. *Rex Realty Corp.,* 326 Mass. 534.

The finding for the plaintiff is vacated. A finding is to be entered for the defendant.

JAMES FREELY
   for Plaintiff
CARL G. BERGSTEDT
   for Defendant