*Northern District*

No. 7916

ALFRED STORELLA, JR., PPA, et al

v.

JOHN A. SANTO

Argued: Dec. 14, 1972 - Decided: Feb. 9, 1973

*Present:* Flaschner, P.J., Mason, and Baci-galupo, JJ.

Case tried to *Rizotto, J.* in the East Boston District Court No. 11210.

**Bacigalupo, J.** This is an action of tort in which the minor plaintiff, Alfred Storella, Jr., who lived with his parents on the first floor of premises owned, managed and controlled by the defendant, was awarded damages in the amount of $588.00 for injuries sustained when he tripped over a metal cable which had been in the yard of the premises for a period of two-three weeks.

It appears from docket entries that the court allowed a motion by the defendant Santo to implead a third party defendant, presumably, Anthony Mazzola. The report does not indi-cote what, if any disposition, was made of

the impleaded matter. For the purpose of considering the court's disposition of the defendant's request for rulings, we will treat them as making no reference to the defendant Santo as a third party plaintiff.

The report, which contains all of the evidence material to the question reported, states, "the cable was not put on the defendant's premises by the defendant or any agent, servant or employee of the defendant" but had been placed on the premises "by one Anthony Mazzola, who owned premises abutting the premises of the defendant." The report further states "that the minor plaintiff's father had advised the defendant who had also seen the cable, of the presence of the cable and the defendant said he would see Mazzola about having the cable removed. The defendant did tell Mazzola to remove the cable (which was a thirty-foot cable) and the cable was removed about three days after the date of injury to the plaintiff."

At the close of the trial and before the final arguments, the defendant made five requests for rulings — all of which were denied by the court. The court made no findings of fact.

The defendant claims to be aggrieved by the denial of his requests number one, three and four.

Request number one is as follows: (1) "On all of the evidence a finding for the defendant and third party plaintiff John A. Santo is required."

This request is in conflict with Rule 27 of the District Courts (1965) which provides that ''no review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified.'' This request was rightly denied. *Okin* v. *Sullivan*, 307 Mass. 227, 228; *Sokoloski* v. *Splann*, 311 Mass. 203, 205, 206.

Request number three is as follows: ''(3) On all of the evidence a finding is required that the defendant and third party plaintiff John A. Santo was not negligent.''

Request number four is as follows: ''(4) On all of the evidence a finding is required that the defective and dangerous condition alleged by the plaintiffs in their declaration was caused by the conduct of a third person, namely the third party defendant, Anthony Mazzola.''

Requests for rulings number three and four raised in somewhat different form the question whether, upon all the evidence, a finding for the defendant was required as a matter of law. The defendant having requested rulings based on the evidence and specifying that the defendant was not negligent, (in request number three), and that the defective and dangerous condition alleged by the plaintiffs in their declaration was caused by the conduct of a third person (request number

four) was entitled to a finding of specific facts. See Rule 27 of the District Court Rules (1965). It is important to tell from the report upon what evidence the judge relied and based his decision. *Drury* v. *Crane Co.,* 23 Legalite, 3. *Hetherington & Sons* v. *William Firth Co.,* 210 Mass. 8, 18.

 A judge sitting without a jury has two separate and distinct functions; one, to make rulings of law, and the other, to find the facts. "It has repeatedly been held that a trial judge, sitting without a jury must correctly instruct himself as to the governing principles of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error." *Home Savings Bank* v. *Savransky,* 307 Mass. 601, 603. *Perry* v. *Hanover,* 314 Mass. 167, 173-176.

 A request for a ruling that a finding in favor of the defendant was required must be distinguished from a request that a finding was warranted. The request that a finding is required should be granted only if the evidence by which the plaintiff was bound required such a finding. *Memishian* v. *Phipps,* 311 Mass. 521.

The case at bar presents such a situation. The report contains no evidence that the defendant directly or indirectly was responsible for the presence of the cable on the spot where

the minor plaintiff fell. *Gillette* v. *Plante,* 349 Mass. 760.

In fact the report states, "the cable was not put on the defendant's premises by the defendant or any agent, servant or employee of the defendant."

 Although the report states that, "the minor plaintiff's father had advised the defendant, who had also seen the cable, of the presence of the cable and the defendant said he would see Mazzola about having the cable removed" the report, which contains all of the evidence material to the question reported, is silent, with respect to the time of the fall and the time when the defendant became aware of the presence of the cable and the time when he said he would see about its removal.

"Unless there was a violation of a duty that the defendant owed to the tenant, there could be no recovery by the plaintiff. *Vaillancourt* v. *Rex Realty Corp.,* 326 Mass. 534, 535 and cases cited.

 In the absence of a special agreement, as here, a landlord is under an obligation to refrain from negligently placing by himself or his agents or servants any obstructions in a common passageway, but he is under no obligation to remove them if they were put there by strangers or third persons." *Hunter* v. *Goldstein,* 267 Mass. 183. *Prushenshy* v. *Pucilowski,* 269 Mass. 477. *Richmond* v. *Warren Institution* for *Savings,* 307 Mass. 483. *Bacon*

v. *Jaques,* 312 Mass. 371. *Vaillancourt* v. *Rex Realty Corp.,* 326 Mass. 534, 535 and 536.

We are of the opinion that the case, on the facts reported, falls within the principles stated above, that the denial of the defendant's request for rulings number three and four was error.

The finding for the plaintiff is to be vacated and judgment entered for the defendant.

*No brief or argument was submitted on behalf of the plaintiff.*

*Name of defendant's counsel not furnished to reporter.*