EASTERN ELECTRIC CONSTRUCTION COMPANY ET AL. *v.* EBASCO SERVICES, INC.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued February 5—decision released April 30, 1974

*L. Douglas Shrader,* with whom, on the brief, was *Robert S. Cooper,* for the appellant (intervening plaintiff Wells).

*Richard F. Oburchay,* with whom was *Richard P. Gilardi,* for the appellee (defendant).

SHAPIRO, J. This action was originally instituted on March 21, 1969, on behalf of the plaintiff Eastern Electric Construction Company to recover from the defendant, Ebasco Services, Inc., workmen's compensation benefits made payable to Samuel Wells, an employee of the plaintiff. On April 3, 1969, Wells filed a motion to intervene as coplaintiff, and on April 11, 1969, the court (*Tierney, J.*) ordered that he be joined as a plaintiff and file a complaint alleging his interest in the subject of this action. An amended complaint, filed on May 5, 1969, alleged that the plaintiff Wells fell and sustained personal injuries on March 23, 1968, while working on property of the United Illuminating Company in Bridgeport,

and that the fall and consequent injuries were caused by the carelessness and negligence of the defendant and/or its agents, servants, or employees. The complaint also avers that as a result of the injuries sustained by the plaintiff Wells, Eastern Electric incurred considerable expenses and is likely to incur more in the future for medicines, medical care, hospitalization and other payments pursuant to the provisions of the Workmen's Compensation Act.

In its answer to the amended complaint, the defendant denied the allegations of negligence and claimed, as special defenses, (1) contributory negligence, (2) assumption of risk, (3) application of the principal-employer doctrine under the Workmen's Compensation Act and (4) the Statute of Limitations.

The trial court found, inter alia, that (1) the plaintiffs failed to establish by a fair preponderance of the evidence any negligent act or omission on the part of the defendant which was the proximate cause of the injuries sustained by the plaintiff Wells, and (2) the action was barred by virtue of the fact that the defendant was the principal employer of the plaintiffs, as defined in § 31-291 of the General Statutes.[1] Judgment was accordingly rendered for the defendant and the intervening plaintiff Wells has appealed to this court.[2]

---

[1] The second special defense was disposed of in the memorandum of decision of the trial court as "at most there existed contributory negligence, if at all, and not assumption of risk." The fourth special defense was disposed of by summary judgment in favor of the plaintiff Wells.

[2] The first claim of error assigned by the plaintiff Wells is that the trial court refused to find thirty-two paragraphs of his draft finding which he claims are admitted or undisputed. He cannot pre-

On appeal the plaintiff Wells argues that the defendant was negligent as a matter of law. "Ordinarily, questions of negligence, contributory negligence and proximate cause are questions of fact for a jury, but the conduct of the parties may be such that a court is justified in making a determination of the questions as a matter of law." *Kline* v. *New York, N.H. & H.R. Co.*, 160 Conn. 187, 189, 276 A.2d 890. "[I]t may and sometimes does happen, that the conduct under investigation is so manifestly contrary to that of a reasonably prudent man, or is so plainly and palpably like that of such a man, that the general rule itself may be applied as a matter of law, by the court, without the aid of a jury. That is,

---

vail on this claim. Some of the additions he requests involve facts which are either immaterial, not admitted or disputed. Practice Book § 628; *Salvatore* v. *Milicki*, 163 Conn. 275, 277, 303 A.2d 734. That a witness testified to a fact without direct contradiction is not of itself sufficient; the trial court must be the judge of the credibility of a witness. Practice Book § 628 (a); *Wood* v. *Wood*, 165 Conn. 777, 779, 345 A.2d 5; *Shakro* v. *Haddad*, 149 Conn. 160, 162, 177 A.2d 221. Others, if added, would not affect the result. A finding will not be corrected for the addition of facts that will not affect the result. *Lewis* v. *Lewis*, 162 Conn. 476, 481, 294 A.2d 637; *Malone* v. *Steinberg*, 138 Conn. 718, 720, 89 A.2d 213; Maltbie, Conn. App. Proc. § 158.

The second claim of error assigned by the plaintiff Wells is that the trial court found eight paragraphs of the finding of facts without evidence. We have reviewed this claim and are satisfied that the contested findings of fact are all supported by the evidence. Practice Book §§ 627, 718; *Hartford Kosher Caterers, Inc.* v. *Gazda*, 165 Conn. 478, 480 n.1, 338 A.2d 497.

Another claim assigned by the plaintiff Wells is that certain of the conclusions of the trial court are not supported by the finding. We have reviewed this claim also and find that the conclusions of the court are amply supported by the finding of the subordinate facts and must stand since they are legally and logically consistent with the facts found and do not involve the application of any erroneous rule of law material to the case. *Klein* v. *Chatfield*, 166 Conn. 76, 80, 347 A.2d 58; *Johnston Jewels, Ltd.* v. *Leonard*, 156 Conn. 75, 79, 239 A.2d 500.

the conduct may be such that no court could hesitate or be in doubt concerning the question whether the conduct was or was not the conduct of a person of ordinary prudence under the circumstances." *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 249, 21 A. 675.

Measured by this standard, it cannot be said that the defendant was negligent as a matter of law.

The relevant paragraphs of the finding of facts disclose that the area in which the plaintiff Wells was working was in normal and acceptable construction condition, and that no witness produced by the plaintiffs saw what caused him to fall. The finding also discloses that the plaintiff Wells was unable to testify as to how his injuries occurred, or as to what caused them.

The plaintiff Wells, nevertheless, insists that as a matter of law his fall and injuries were caused by the negligent act or omission of the defendant. He argues that "[t]he cause of the fall is not important. The absence of the safety railing and notice of this condition on premises under its control must be considered negligence on the part of the defendant." It is the plaintiff Wells' contention that "[o]nce this condition and notice of the condition is established, and a fall and subsequent injury has occurred, the necessary inference is that the presence of a safety railing would have prevented the fall." With this view we cannot agree.

Here it was necessary for the plaintiff Wells to prove that the defendant had actual or constructive notice of a specific defect, and that the specific defect caused the plaintiff's injuries. *Monahan* v. *Mont-*

*gomery,* 153 Conn. 386, 390, 216 A.2d 824; *Gothreau* v. *New York, N.H. & H.R. Co.,* 148 Conn. 65, 67, 167 A.2d 244. The plaintiff Wells has left these issues to surmise, guess, conjecture and speculation. He, therefore, has failed to sustain his burden of proof as to these issues. *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 25, 213 A.2d 449.

The plaintiff Wells also argues in his brief that the trial court erred in concluding that the defendant sustained its burden of proving that there existed between the defendant and the plaintiff Wells the relationship of principal employer and employee; and that even if the defendant were the plaintiff Wells' principal employer, this negligence action should not be barred by the provisions of § 31-291 of the General Statutes.[3]

Since we have already determined that the plaintiffs failed to prove negligence on the part of the defendant, it becomes unnecessary to review these arguments to determine whether this defendant is cloaked in statutory immunity from common-law tort liability. Any force which these arguments may have had is totally vitiated by our determination on the basic issue of negligence.

There is no error.

In this opinion the other judges concurred.

---

[3] Since the enactment of the predecessor of § 31-291 in 1913 (Public Acts 1913, c. 138, pt. B, § 5), we have consistently interpreted this provision to mean that "[a]s between all persons in the mutual relationship of employer and employee who have accepted the provisions of the Workmen's Compensation Act, the right to obtain and the liability to pay compensation under the act is substituted for the common-law rights and liabilities otherwise existing between them to the exclusion of the latter." *Wright* v. *Coe & Anderson, Inc.,* 156 Conn. 145, 156, 239 A.2d 493.