ALFONCINO PACE *v.* CLARK, HALL AND PECK ET AL.

HOUSE, C. J., COTTER, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued October 2—decision released November 12, 1974

*David M. Reilly, Jr.,* for the appellant (named defendant and third-party plaintiff).

*Stanley A. Jacobs,* for the appellee (plaintiff).

*Bruce W. Thompson,* for the appellee (third-party defendant).

PER CURIAM. The plaintiff brought this action seeking damages for injuries which she alleged were sustained as a result of the negligence of the named defendant when she fell leaving the ladies' room

at the office of that defendant. From the judgment rendered on a jury verdict in favor of the plaintiff, the named defendant appealed, claiming, among other assignments of error, that the trial court erred in denying its motion for judgment notwithstanding the verdict and in refusing to set aside the verdict for lack of evidence on the issue of liability, there being no proof that any negligence on its part was a proximate cause of the injuries which the plaintiff alleged.

The record discloses that the elderly plaintiff failed to offer any evidence as to what caused her to fall. At the trial, she was unable to recall the circumstances of the accident and her only explanation of the fall was contained in her deposition which, over objection, was read to the jury. In response to the direct question, "What made you fall?" her reply was, "I was coming out of the bathroom, anybody can happen — so I just fell on the steps, and I fell."

In the absence of any evidence which would justify the jury in finding that the defendant was negligent or, assuming they could reasonably and logically find that the defendant was negligent, that that negligence was the proximate cause of the plaintiff's injuries, the court should have granted the defendant's motion for judgment notwithstanding the verdict.

There is error and the case is remanded with direction to render judgment for the defendant.