[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action brought by writ, summons and complaint dated July 17, 1995, the plaintiff seeks to recover of the defendant certain damages for breach of a contract of consignment.
After a full trial, the plaintiff present and represented by counsel and the defendant present and appearing pro se, the court, based upon a preponderance of the credible, relevant, reliable and legally admissible evidence finds, determines and rules as follows.
The plaintiff, Charles Sherwood, and the defendant, Theodore Novak, on June 7, 1986 entered into an agreement wherein the plaintiff would deliver to the defendant's place of business certain goods classified as marine stock. Such stock would be in the possession of the defendant on consignment, with the defendant making payments to the plaintiff in the amount of the wholesale value of the items plus 60% of the difference between the wholesale value and the selling price. The sums due the plaintiff accrued at the time any items were sold.
The plaintiff delivered the contracted goods to the defendant on consignment. The defendant sold goods, under the agreement, which resulted in the defendant's payment to the plaintiff the CT Page 5163-UU amount of $5,964.70.
The defendant lost his business to a creditor who is not a named party to this suit. The unsold inventory of the consigned goods remained on the premises and presumably in the possession of the succeeding proprietor of the business.
The court construes the agreement between the parties as providing for the payment to the plaintiff upon the sale of the consigned stock.
The burden of proving that the essential elements of a cause of action is on the plaintiff. Krause v. Bridgeport Hospital,169 Conn. 1, 7-9, 362 A.2d 802 (1975); Noebel v. Housing Authority,146 Conn. 197, 201, 148 A.2d 266 (1959).
Where the plaintiffs have failed to fulfill that burden of proof, judgment should enter finding the issues for the defendant. See Pace v. Clark, Hall Peck, 167 Conn. 292, 293, 355 A.2d 243
(1974).
Here, the sale of the consigned goods was a condition precedent to the defendant's liability. Until the goods were sold the provision for determining the amount due the plaintiff was not objectively ascertainable. Title did not pass to the defendant and there is no allegations of conversion in the complaint.
The plaintiff offered no evidence that any of the stock remaining on the premises was ever sold. Obviously, if the goods remained unsold the procedures recited in the agreement for payment to the plaintiff could not be initiated.
The express language in the written contract states, the Items shall be delivered on consignment with the understanding that uponthe sale of any items . . ." (emphasis added), payment shall be made.
In sum, the plaintiff failed to prove the sale of any items subsequent to the last payment he received on July 25, 1989.
Accordingly, judgment is entered for the defendant on the plaintiff's complaint, with costs of suit.
SPALLONE STATE TRIAL REFEREE CT Page 5163-VV