[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for negligence alleging injuries sustained by plaintiff in a fall at defendant's premises. This matter was tried to the court on October 23, 1997.
The court finds the following facts. On October 16, 1991 the plaintiff, Paul Allnutt, age 71, was a printer conducting business at his home as Paul's Offset Printing Services after retiring from Eastern Color Printing. On that day, plaintiff CT Page 1796 proceeded to premises of Butler Paper Company at 21 Dodge Drive, North Haven to pick up two cartons of paper.
It was a bright, sunny, dry day and in the late morning hours when plaintiff arrived in North Haven. Upon arriving at Butler Paper company (which had been taken over by Georgia Pacific), he parked his car and went in to place an order for paper. Upon doing so, he was directed to a loading platform where the salesperson would meet him.
Plaintiff testified that as he went in the truck door or loading door, it was dark when he came out of the sun. Plaintiff proceeded up a short flight of five or six stairs without difficulty holding the railing with his left hand. He then proceeded onto a platform where his order was brought out. Plaintiff paid for the order and told personnel of defendant that he would have to move his car.
Plaintiff then started to leave by the same way that he had entered. He went to the top of the staircase and grasped the rail with his right hand. Plaintiff testified that he can't explain what happened; that from the top step he doesn't remember. He then testified on cross-examination that his left leg slid out from under him.
Plaintiff fell down the staircase and suffered the following injuries: fracture of the nasal bones, contusions and swelling of the left knee, arms, hands and left shoulder and post concussion syndrome; cervical spine spasm and lacerated forehead. He was then taken by ambulance to Yale-New Haven Hospital and treated in the Emergency Room but not admitted. The next day he went to Waterbury Hospital where tests were performed. Plaintiff incurred hospital medical and dental bills in excess of $7000.
Plaintiff testified that he did not know what caused his fall. On October 22, 1991 he signed a statement of claim form (Defendant's Exhibit 1) filled out by his daughter on which he answered the following question: "How did it happen?; Tripped exiting building; " A question mark was placed in response to request for Cause of accident. Plaintiff's granddaughter Barbara Henson testified that she went to the defendant's premises to pick up her grandfather's car several days after the fall and testified that the area of the stairs was not dark. She stated that she used the hand rail which was secure on going CT Page 1797 up the stairs in question and did not observe any defect in the stairs on going up the stairs. She said that on going down the stairs, she observed at the first or second step a small piece missing from the edge of the step more to the right near the railing.
Defendant's employee Walter Smith, Jr. testified that the lighting in the area was adequate. He also testified that defendant told him at the scene that he missed a step and fell. Mr. Smith recounted that there was a chip in the stairs but that it was on the extreme right on descending and underneath the railing and not where a person would walk.
In order to recover in a negligence action alleging a fall due to defective condition a plaintiff must allege and prove that a defect existed, that defendant had notice actual or constructive of the specific defect causing the fall and that the defect was the cause of the fall and resulting injuries and damage to plaintiff. Monahan v. Montgomery, 153 Conn. 386, 390
(1966); McCrorey v. Heilpern, 170 Conn. 220, 221 (1976).
The court finds that plaintiff did not sustain his burden of proof by a fair preponderance of credible evidence. The plaintiff failed to prove the cause of the fall and without such proof cannot recover. Pace v. Clark Hall Peck,167 Conn. 292, (1974).
Judgment, therefore, enters for defendant.
KULAWIZ, J.