[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff commenced this action against the defendants for injuries and damages she sustained while skating at an ice skating rink located in the Town of Watertown. It is the plaintiffs claim that at the time of the alleged incident, the individual defendants, Lisa Carew, Garry Smith and Edward Ryan were all employees of the Town of Watertown and that they each acted in a negligent manner thereby causing the injuries and damages complained of by the plaintiff. The plaintiff has also named the Town of Watertown as a defendant for indemnification under Section 7-465 of the General Statutes.
The plaintiff alleges in her complaint that she was injured at the skating rink when a fellow skater, who was skating in the wrong direction, collided with her and knocked her to the ice. She has sued the individual defendants for the following reasons.
Lisa Carew was sued in her capacity as the director of the Department of Parks and Recreation and Gary Smith was sued in his capacity as supervisor of parks.
Edward Ryan was sued in his capacity as monitor for the Town of Watertown at the ice rink.
The individual defendants and the defendant Town of Watertown have moved the court for summary judgment against the plaintiff on four grounds: (1) as to the individual defendants this action is barred by the doctrine of governmental immunity; (2) the CT Page 16081 defendants did not have notice of the allegedly dangerous condition in sufficient time to give them an opportunity to remedy it; (3) the defendant Garry Smith was not the supervisor of Watertown's parks and recreation at the time; and (4) because the defendant Town of Watertown was only sued for indemnification under Section 7-465 of the General Statutes for the acts of its employees, it, also, is entitled to summary judgment.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374,381, 713 A.2d 820 (1998). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998). The court may consider not only the facts presented by the parties' affidavits and exhibits, but also the "inferences which could be reasonably and logically drawn from them. . . ." UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 381,260 A.2d 596 (1969). "A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiffs claim and involves no triable issue of fact." Perille v. Raybestos-Manhattan-Europe,Inc., 196 Conn. 529, 543, 494 A.2d 555 (1985); accord Daoust v.McWilliams, 49 Conn. App. 715, 719, 716 A.2d 922 (1998).
(1) Governmental Immunity
The defendants, Edward Ryan and Lisa Carew, argue that there is no genuine issue of material fact that their acts were discretionary, and therefore, the defense of governmental immunity bars the plaintiffs claim and they are entitled to summary judgment. The plaintiff argues that the defendants' acts may arguably be characterized as ministerial, and therefore, the court should refrain from ruling as a matter of law that governmental immunity applies. In deciding whether an action is barred by the doctrine of governmental immunity, "the court looks to see whether there is a public or private duty alleged by the plaintiff." Gordon v. Bridgeport Housing Authority, CT Page 16082208 Conn. 161, 170, 544 A.2d 1185 (1988). "[I]f the duty which the official authority, imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages." (Internal quotation marks omitted.) Id., 166. "If a public duty exists, an official can be liable only if the act complained of is a ministerial act, or one of the narrow exceptions to discretionary acts applies."[1] Id., 170.
"[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Id., 170. "[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Internal quotation marks omitted.) Elliott v. Waterbury,245 Conn. 385, 411, 715 A.2d 27 (1998). "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . [M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion. . . ." (Internal quotation marks omitted.) Id.
The courts have recognized three exceptions where an official can be held liable when performing a discretionary act. They are: "first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Evon v. Andrews, 211 Conn. 501, 505,559 A.2d 1131 (1989). "[T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [where] resolution of those factual issues is properly left to the jury." (Internal quotation marks omitted.) Purzycki v. Fairfield, supra,244 Conn. 107-08. CT Page 16083
(A) The Defendant, Edward Ryan
It is not in dispute that Edward Ryan was the monitor at the skating rink at the time of the accident. Nor is it in dispute that a public duty was alleged. As monitor, Ryan is subject to the rules and regulations promulgated at that time. Enforcement of these rules and regulations were wholly for the direct benefit of the public and were supervisory or discretionary in nature. Rule five under the rules and regulations specifically provides "NO . . . fighting, . . . tag games, body checking, . . . or any other unsafe behavior will be allowed." This rule allows the monitor discretion with respect to determining what constitutes "any other unsafe behavior." In-addition, rule five provides no mandate for determining what constitutes "any other unsafe behavior" or if behavior is deemed as such, a mandate as to what action must be taken. Rule thirteen specifically provides, "[w]e reserve the right to ask anyone not following the rules and regulations to leave. . . ." Rule thirteen also allows the monitor to exercise discretion. Rule thirteen states that "[w]e reserve the right, "rather than mandating that the violator must be removed from the ice. The language of the rules and regulations specifically allows discretion to be exercised by the monitor, rather than mandating a prescribed manner of acting without the exercise of judgment or discretion.
The plaintiff has failed to offer any evidence that would indicate either that there exists a genuine issue of material fact whether the acts were in fact discretionary or that they were ministerial in nature. The only argument offered by the plaintiff to substantiate her claim that there is a genuine issue of material fact, is that the defendants acknowledged a viable argument that some of the allegations in the plaintiffs complaint are ministerial in nature. Notwithstanding, the plaintiff offers no evidence that there exists a genuine issue of material fact that the acts were ministerial, or that they were in fact ministerial. Admittedly, the plaintiff alleges acts which could be deemed ministerial depending on their context. The defendant submitted, however, the rules and regulations as proof of the context applicable. The court finds that Edward Ryan's duty, in this context, is discretionary in nature. When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly decide[s] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." HeymanAssociates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 795,653 A.2d 122 (1995). The rules and regulations, offered as CT Page 16084 evidence by the defendants, indicate that there is no genuine issue of material fact that the monitor's acts were in fact discretionary.
In addition, there is no genuine issue of material fact that Edward Ryan's acts do not fall within one of the three exceptions where immunity from liability for the performance of a discretionary act by a municipal employee is subject to liability even though the act was discretionary. See Evon v. Andrews, supra, 211 Conn. 505. The plaintiff argues the applicability of the first exception, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. See id. However, "[t]he `discrete person/imminent harm' exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." Id., 507. "We have construed this exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Burns v. Board ofEducation, 228 Conn. 640, 646, 638 A.2d 1 (1994). "In delineating the scope of a foreseeable class of victims . . . our courts have considered numerous criteria, including the imminency of a potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Id., 647.
There is no genuine issue of material fact that the plaintiff is not an identifiable individual. In Evon v. Andrews, the court held that the class of possible victims of an accident occurring as a result of an unspecified event that may occur at some unspecified time in the future, if at all, is not an identifiable person. See Evon v. Andrews, supra, 211 Conn. 508. In Evon, the unspecified event that may occur at some unspecified time was a fire in a rental unit that was allegedly negligently inspected by city officials. See id. In the present case, the unspecified event that may occur at some unspecified time is a skater skating into an, other causing that individual to fall and suffer injuries. In addition, in the cases of Purzycki v. Fairfield andBurns v. Board of Education, the courts held that schoolchildren were identifiable individuals because they were statutorily compelled to attend school. Purzycki v. Fairfield, supra,244 Conn. 108-09; Burns v. Board of Education, supra,228 Conn. 646. Here, the rink is open to the public for all skaters.
There is no genuine issue of material fact that the plaintiff CT Page 16085 was not subject to imminent harm. In Evon, the court concluded that the imminent harm exception for discretionary acts did not apply because "[t]he risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future." Evon v. Andrews, supra, 211 Conn. 508. Similarly, in the present case, the accident at issue occurred during a public skating session where injury could occur at anytime during the skating session, or may not occur at all.
There is no genuine issue of material fact that the plaintiff does not fall within a narrowly defined class of foreseeable victims. In Evon, the court stated "[t]he class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of identifiable persons'. . . ." Evon v. Andrews, supra, 211 Conn. 508. This plaintiff does not fall within a narrowly defined identified class of foreseeable victims. The class of possible victims at a skating rink is unspecified. Anyone could be skated into at any time.
(B) The Defendant, Lisa Carew
It is not in dispute that Lisa Carew was the director of the department of parks and recreation for the town of Watertown. Nor is it in dispute that a public duty was alleged. At all relevant times herein, she was director of the department of parks and recreation for the town. That department, pursuant to an agreement the town had with the Taft School, made ice skating sessions available to members of the public at the skating rink. As director, she promulgated rules and regulations for the skating rink. The court finds that her acts were discretionary. As evidence, she has submitted a copy of the rules and regulations and her affidavit which states that she had discretion to draft and adopt policies and procedures governing the skating sessions including safety policies and procedures.
The plaintiff failed to offer sufficient evidence to indicate either that there exists a genuine issue of material fact as to whether the acts were in fact discretionary or that they were ministerial in nature. In Heigl v. Board of Education, the court held that "[t]he act of promulgating a policy, however, is a discretionary activity. A policy, by definition, is "a definite course or method of action selected from among alternatives . . . to guide and determine present and future decisions.' Webster's Ninth New Collegiate Dictionary. The fact that a policy is CT Page 16086 enacted "to guide . . . future decisions' indicates that the board was engaged in a legislative, and therefore discretionary, activity." Heigl v. Board of Education, 218 Conn. 1, 5-6,587 A.2d 423 (1991). In the instant case, the plaintiff has offered no evidence that would indicate that the defendant was required to promulgate the rules for the skating rink in a prescribed manner without the exercise of judgment or discretion in the drafting process. Nor has the plaintiff offered any evidence that would indicate that the defendant's acts were mandated with respect to supervising individuals at the rink, establishing or enforcing adequate policies, training monitors, warning individuals of dangerous conditions, or enforcing the rules herself. Accordingly, the court finds that there is no genuine issue of material fact that Lisa Carew's acts were in fact discretionary.
In addition, for the same reasons stated above with respect to Edward Ryan, the court finds that there is no genuine issue of material fact that Lisa Carew's acts do not fall within one of the narrow exceptions where an employee is subject to liability even though her acts were discretionary.
(2) Notice
The defendants argue that there is no genuine issue of material fact that the defendant, Edward Ryan, lacked notice of the allegedly dangerous condition in time to give him a reasonable opportunity to remedy it and that the defendant, Lisa Carew, also lacked such notice. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Ltd. Partnership,243 Conn. 552, 566, 707 A.2d 15 (1998). "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe." Morn v. Bell CourtCondominium Assn., Inc., 223 Conn. 323, 327, 612 A.2d 1197
(1992). "In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." Id. "For the plaintiff to recover for the breach of a duty owed to . . . an invitee, it [is] incumbent upon her to allege and prove that the defendant either had actual notice of the presence of the specific unsafe condition which caused the . . ., fall or constructive notice of it." Monahan v.Montgomery, 153 Conn. 386, 390, 216 A.2d 824 (1966). The Supreme Court "[has] repeatedly stated that the notice, whether actual or CT Page 16087 constructive, must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it." Id.
(A) The Defendant, Edward Ryan
The plaintiff alleges that Edward Ryan, monitor at the rink at the time of the accident, failed to warn the plaintiff of the dangerous condition of the premises. The allegedly dangerous condition of the premises at issue was that of the minor skater, Blake Richmond, who allegedly skated into the plaintiff in a reckless and dangerous manner causing the plaintiff to fall and sustain injuries. The plaintiff alleges that she heard the defendant warn Blake Richmond about his skating before. In support, she has submitted an excerpt from her deposition and the deposition of Thomas Parisot. In response, the defendant argues that he had insufficient notice of the allegedly dangerous condition because he only saw Blake Richmond skating dangerously just seconds before the accident occurred. In support, he has submitted an excerpt from his deposition. Although there exists a genuine issue of material fact as to whether Edward Ryan had notice of the allegedly dangerous condition, this action sounding in negligence is barred as to this defendant under the doctrine of governmental immunity for the reasons set forth above.
(B) The Defendant, Lisa Carew
The defendants argue that there is no genuine issue of material fact as to whether the defendant, Lisa Carew, had notice because the defendant did not have actual or constructive knowledge of the allegedly dangerous condition. She was not present at the skating rink on the day of the accident and had no knowledge of Blake Richmond's skating on that day or on any previous days. In support, the defendant submitted an affidavit. In response, the plaintiff argues that the defendant had actual knowledge because she promulgated the rules and regulations for the skating rink, and therefore, had actual knowledge of alleged inadequacies in the safety rules. The plaintiff relies on Tuite v.Stop Shop Companies, Inc. which was a slip and fall case were the plaintiff fell on water allegedly left on the floor by the defendant's employee who was attending to the florist department of the store. Tuite v. Stop Shop Companies, Inc.,45 Conn. App. 305, 308, 696 A.2d 363 (1997). In Tuite, the plaintiff alleged that the defendant's employee "created the dangerous condition CT Page 16088 that caused the injury" and therefore, had actual knowledge of the condition. Id. In this case there is no evidence of a genuine issue of material fact that the defendant had no notice of the inadequacy of the rules and regulations.
(3) Garry Smith's Status as Supervisor
The defendants argue that Garry Smith was not the supervisor of parks or of recreation at the time of the accident. The plaintiff argues that, at the time of the accident, Garry Smith was the supervisor of parks, and while acting within his scope of employment, he was negligent resulting in harm to the plaintiff. Garry Smith's, affidavit indicates that he was not employed as the supervisor of parks or recreation at the time of the accident. According to his affidavit, he was not hired in this capacity until after the accident. In addition, the defendants filed an amended answer dated September 15, 1997, in which they denied the allegation that Garry Smith was the supervisor of parks or recreation at the time of the accident. The plaintiff has failed to offer any evidence that would substantiate its adverse claim. Accordingly, there is no genuine issue of material fact that Garry Smith was not the supervisor of parks or recreation at the time of the accident, and he is entitled to summary judgment as a matter of law.
(4) Indemnification
Because the individual defendants, Edward Ryan, Lisa Carew, and Garry Smith, are entitled to summary judgment, the town of Watertown is entitled to summary judgment as to these three defendants as it was only sued for indemnification under General Statutes § 7-465. "General Statutes § 7-465 . . . establishes municipal liability for certain acts of employees."Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987). "[I]n a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." Id. "While § 7-465
provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment under certain prescribed conditions, it is quite clear that the municipality does not assume the liability in the first instance." (Internal quotation marks omitted.) Fraser v. Henninger, 173 Conn. 52, 56,376 A.2d 406 (1977); see also Kaye v. Manchester,20 Conn. App. 439, 443-44, 568 A.2d 459 (1990). CT Page 16089
The court finds that Edward Ryan, Lisa Carew, and Garry Smith are all entitled to summary judgment because there are no genuine issues of material fact, and they are entitled to judgment as a matter of law: Edward Ryan is entitled to summary judgment because, although there is a genuine issue of material fact whether he had notice of the alleged dangerous condition, there is no genuine issue of material fact that his acts were discretionary so the defense of governmental immunity bars a negligence action against him. Lisa Carew is entitled to summary judgement because her acts where discretionary so the defense of governmental immunity bars a negligence action against her. In addition, there is no evidence that she had notice of the alleged dangerous condition. Garry Smith is entitled to summary judgment because there is no genuine issue of material fact that he was not the supervisor of parks or of recreation at the time of the accident.
Since the individual defendants are entitled to summary judgment, the defendant Town of Watertown is entitled to summary judgment as to these defendants as there is nothing to indemnify.
For the foregoing reasons, the defendants' motion for summary judgment is granted.
By the Court,
Joseph W. Doherty Judge