KARIN DRAZIN, on Behalf of AARON DRAZIN, Appellant, v. LOUIS DRAZIN, Respondent.— Order entered April 22, 1968, dismissing petition, unanimously reversed, on the law and the facts, the petition reinstated, and the matter remanded to the Family Court to take further proof on the needs of the child, with $50 costs and disbursements to petitioner. We do not think the evidence supports the trial court's conclusion that the trust was created in conformity with the father's duty to support. The trust agreement, by the last preamble and the first two numbered paragraphs, is express to the effect that it was the mother who wished to provide funds for the child and that the funds provided were derived from her share of the community property. At the trial she testified that it was she who had established the trust fund, and with money solely her own. The father chose not to testify. As mother and child are domiciled in New York, and the father, though a Quebec domiciliary, appeared after being served with process while present in this State, his duty of support is to be determined by our law (Restatement, Conflict of Laws, § 457; cf. *Laumeier* v. *Laumeier*, 237 N. Y. 357), under which, "Regardless of the mother's financial

resources the primary duty of support rests on the father" (*Santasiero* v. *Briggs*, 278 App. Div. 15, 18; Family Court Act, §§ 413, 414), and "continues even though the infant has an estate of his own" (*Siegel* v. *Hodges*, 15 A D 2d 571, 572; *Goodman* v. *Alexander*, 165 N. Y. 289, 292; *Beardsley* v. *Hotchkiss*, 96 N. Y. 201, 219, 220). We do not understand that the trial court made a finding as to the child's needs, and the record on the subject seems to us deficient. In accordance with the mother's consent at the trial the father should be credited with the trust income being paid her for the support of the child. Concur — Botein, P. J., Tilzer, McGivern and McNally, JJ.