ANITA S. CALIG *v.* LEONARD C. SCHRANK [CAROLYN S. SCHRANK ET. AL., COEXECUTORS (ESTATE OF LEONARD C. SCHRANK), SUBSTITUTED DEFENDANTS]

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued October 10—decision released November 27, 1979

*Irving H. Perlmutter,* with whom were *Norman Cohen,* and, on the brief, *William A. Jacobs,* for the appellant (plaintiff).

*Warren P. Joblin,* with whom was *Richard Diviney,* for the appellees (substituted defendants Carolyn S. Schrank et al., coexecutors [Estate of Leonard C. Schrank]).

Bogdanski, J. On February 3, 1970, the plaintiff brought this action against her former husband to recover expenses incurred in obtaining the release on parole of their oldest child, Victor, and for his subsequent hospitalization. The defendant died in 1975 and the coexecutors of his estate were substituted as defendants. The court found the issues for the defendants and from the judgment rendered, the plaintiff has appealed.[1]

The record reveals that on November 23, 1964, the plaintiff and the defendant husband entered into a separation agreement which provided that the defendant father would have custody of Victor and that Victor would reside with him. At the time of the separation agreement Victor was fifteen years old. The agreement was executed in New Jersey

---

[1] We note that certain assignments of error have not been briefed. Accordingly they are considered abandoned. See *Pappas* v. *Pappas,* 164 Conn. 242, 243, 320 A.2d 809 (1973).

and recited that its terms were to be construed in accordance with the laws of New Jersey. The agreement was incorporated into the parties' divorce decree subsequently rendered in the state of Florida.

The court found that both the father and Victor resided in New York where Victor at age thirteen was given his own apartment with his own servant and the use of charge accounts. Approximately five years later, at age eighteen, Victor was arrested and committed to Greenhaven Rehabilitation Center in Beacon, New York on drug charges. Although the plaintiff knew that the father was opposed to Victor's parole, she nevertheless obtained his release. As a condition of his parole, Victor entered Craig House, a private psychiatric hospital in New York. The plaintiff paid approximately $13,500 for Victor's hospitalization at Craig House.

The plaintiff advances two theories of recovery: (1) in contract for damages resulting from the decedent's breach of the separation agreement, and (2) in common law for reimbursement under New Jersey law.

The plaintiff contends that the decedent breached the separation agreement in failing to have Victor reside with him and as the custodial parent in failing to exercise proper supervision and control over Victor. Even if it be assumed that the decedent breached the separation agreement[2] as claimed, the

---

[2] Much of the evidence in the record, including the place of Victor's residence at age thirteen, concerns events which occurred prior to the November 23, 1964 separation agreement, and is thus clearly irrelevant to the question of whether the decedent breached that agreement. Moreover, there is no evidence concerning the place of Victor's residence or his relationship with his father immediately prior to his arrest.

fact remains that the record is entirely devoid of any evidence to support a finding that the breach caused the plaintiff to incur the expenses connected with Victor's parole.

It is hornbook law that to be entitled to damages in contract a plaintiff must establish a causal relation between the breach and the damages flowing from that breach. Such causal relation must be more than surmise or conjecture, inasmuch as a trier is concerned not with possibilities but with probabilities. Where, as in this case, the damages claimed are remote from the breach complained of and the causal connection is wholly conjectural, there can be no recovery. We conclude the court did not err in rejecting the claim.

The claim that New Jersey law should govern the recovery in common law for reimbursement also lacks merit. The record shows that both the decedent and Victor were domiciled in New York[3] and that all of the events relating to the expenses and arrangements for payment in connection with Victor's imprisonment and hospitalization took place in the state of New York. Moreover, while it is true that the separation agreement recites that "[t]his agreement shall be construed in accordance with the laws of the State of New Jersey," that clause cannot be relied upon as authorizing the application of the law of New Jersey to an independent common-law

---

[3] The law governing the character and extent of the obligation of a parent to support a minor child is either that of the parent's domicile; see, e.g., *Berkley* v. *Berkley*, 246 S.W.2d 804 (Mo. 1952); or that of the child's. See, e.g., *Drazin* v. *Drazin*, 31 App. Div. 2d 531, 295 N.Y.S.2d 183 (1968). See also 59 Am. Jur. 2d, Parent and Child § 53.

action for reimbursement which has no connection with the separation agreement or the state of New Jersey.[4]

There is no error.

In this opinion the other judges concurred.

---

[4] Although the issue of recovery under New York law has not been briefed by the parties, we have nevertheless examined the law of that forum and find that the record before us does not support an action for reimbursement under the law of New York.