*341 OPINION OF THE COURT
Jasen, J.
The issue raised by this appeal is whether the State Civil Service Commission may require local civil service commissions to collect State imposed application fees from persons registering to take civil service examinations.
Both the State Civil Service Commission and municipal civil service commissions are authorized by section 50 of the Civil Service Law to impose application fees on persons applying to take civil service examinations. Fees collected by the State Civil Service Commission are to be paid into the State treasury (Civil Service Law, § 50, subd 5, par [c]) and fees collected by the municipal civil service commissions are to be “paid into the general fund of the municipality” (Ciyil Service Law, § 50, subd 5, par [d]). Section 50 (subd 5, par [b]) allows both the State and the local commissions to waive these application fees.
For many years, the State Civil Service Commission waived its right to any application fees. In late 1979, the State Commission changed that policy and began imposing fees on applicants registering to take examinations conducted by the State Commission. The policy of imposing application fees was extended, effective April 1, 1980, by directive of the President of the State Civil Service Commission to those applicants registering to take local examinations which were provided to the various municipal civil service commissions by the State Commission. The directive further required the municipal commissions to collect the fee, to complete monthly reports and to forward to the State Commission, on a monthly basis, a check in the amount of the fees collected.
Westchester County had used civil service examinations provided by the State Civil Service Department for many years. Applicants registering to take a civil service examination in Westchester County after April 1,1980 were thus required to pay the State imposed fee. The Personnel Officer of Westchester County, however, objected to the State Commission requiring the local commission to process the State imposed fee. He notified the State Civil Service Commission that pursuant to section 23 of the *342 Civil Service Law, Westchester County would continue to use State-provided support services including State-provided examinations, but that because there was no authorization to require the municipal commissions to collect the State fee, all future applicants would be advised to forward their applications and fees directly to the State Commission.
The president of the State Commission responded that the State Commission was not required to collect the fees, that it would not do so, and that if the local commission did not collect the fees and process the applications, the State Commission would not continue to provide civil service examinations.
This article 78 proceeding was then commenced by the Personnel Officer of Westchester County seeking declarations that the State Civil Service Commission is obligated by section 23 of the Civil Service Law to collect the fees, review applications, and provide civil service examinations. Section 23 provides, in pertinent part, that: “The state civil service department without charge, upon the request of any such municipal commission, shall render service relative to the announcement, review of applications, preparations, construction, and rating of examinations, and establishment and certification of eligible lists for positions in the classified service * * * The fees required to be paid by applicants pursuant to section fifty of this chapter, shall be paid to the state civil service department for all examinations prepared and rated by such department.”
Supreme Court, Westchester County, held that the provisions of section 23 require the State Commission to “provide petitioner with civil service examinations and various specified services relative to said examinations.” Furthermore, the court found that although the State Commission had the authority to require applicants to pay a fee, “there [was] no authority * * * to require that petitioners process civil service applications and collect the application fee for [the State Commission].” The Appellate Division affirmed. We agree.
The clear wording of section 23 of the Civil Service Law indicates that the Legislature intended the State Civil *343 Service Commission to provide support services to the municipal civil service commissions. These services specifically include providing examinations, and reviewing applications. As compensation for these services, the State Commission is authorized to impose application fees as provided for by section 50. Fees thus imposed are required to be paid to the State treasury. Under the directive of section 50, fees to be paid into the State treasury are to be “collected * * * by the state civil service department”. There is no authorization in either section 23 or section 50 for the State Commission to shift this responsibility to the local commissions.
It is equally clear from the wording of section 23 that the Legislature intended these support services be provided to the municipal commissions without charge. We interpret this to mean not only that these services are provided without assessing any charge against the municipal commission, but also that they are provided without appropriating time, supplies or resources from any local commission. Requiring local commissions to administer the collection of these fees is the economic equivalent of charging the municipal commissions for the use of the State examinations. A charge exacted in the form of services is no less a charge than one assessed in dollars and cents.
The clear mandate of section 23 of the Civil Service Law, therefore, is that the State Civil Service Department must provide the enumerated services to the municipal civil service commissions and must do so without any type of charge. This mandate reflects the Legislature’s reasonable belief that the State Civil Service Department has the facilities and expertise available to aid the municipal commissions in handling the complexities of administering civil service examinations.
While the State Commission’s request for administrative assistance from the local commissions is not unreasonable, the State Commission is not authorized to make such a request or to require such aid in exchange for providing civil service examinations. Indeed, the entire structure of the statutory scheme is for the State Commission to render aid to the local commissions. If the Legislature had in *344 tended to require the municipal commissions to provide administrative support services to the State Commission in exchange for the services providedfiy the State Commission, it could have so provided. Given the present statutory language, we find no basis on which to require local civil service commissions to collect or process fees imposed by the State Civil Service Commission.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.