■ PETER F. COHALAN, as County Executive of Suffolk County, et al., Appellants, v VICTOR S. BAHOU, as President of the New York State Civil Service Commission, et al., Respondents. — In a proceeding pursuant to CPLR article 78, petitioners appeal from a judgment of the Supreme Court, Suffolk County (De Luca, J.), entered March 10, 1981, which, *inter alia,* held that respondents may require petitioners to collect a portion of the fee imposed by respondents upon applicants for employment in the civil service of petitioner Suffolk County. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that it is declared that respondents may not require petitioners to collect or process fees imposed by the State civil service. (See *Matter of Barclay v Bahou,* 55 NY2d 338.) Gibbons, J. P., Weinstein, Gulotta and Thompson, JJ., concur.

■ SEMADAR FRIEDMAN, Appellant, v URY KALLAYEE, Also Known as URY KALLAY, Respondent. — In an action to recover for necessaries expended on behalf of the parties' child, plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered November 19, 1981, which granted defendant's cross motion to dismiss plaintiff's complaint for failure to state a cause of action and denied plaintiff's motion to dismiss certain affirmative defenses. Order reversed, on the law, with $50 costs and disbursements, defendant's cross motion to dismiss the complaint is denied and plaintiff's motion to dismiss the affirmative defenses of failure to state a cause of action and lack of jurisdiction is granted. Plaintiff's action to recover for necessaries furnished by her on behalf of the parties' child states a cause of action notwithstanding the absence of a child support provision in the parties' divorce decree (see *Laumeier v Laumeier,* 237 NY 357; *Horne v Horne,* 22 NY2d 219; *Nelson v Nelson,* 72 AD2d 693; see, also, Family Ct Act, § 461; Father's Liability for Support of Child, Ann., 91 ALR3d 530, and cases cited therein). Jurisdiction was properly obtained by personal service of the defendant within the State (see *Drazin v Drazin,* 31 AD2d 531). O'Connor, J. P., Thompson, Niehoff and Rubin, JJ., concur.

■ GLENDALE FIRE SPRINKLER CORP., Appellant, v SEIDMAN & SEIDMAN, Respondent. (And a Third-Party Action.) — In an action to recover damages against the defendant accounting firm, plaintiff appeals from an order of the Supreme Court, Kings County (Rader, J.), dated February 10, 1981, which, upon defendant's motion to amend a prior order of the same court, dated September 22, 1980, amended the fifth decretal paragraph of said order. Order reversed, without costs or disbursements, the motion to amend is denied and the original fifth decretal paragraph is reinstated. The conduct of plaintiff and its attorneys in preparing this case for trial has been far less than satisfactory, as defendant's counsel has gone to considerable effort to demonstrate. The record does not support a finding, however, that plaintiff has engaged in a deliberate effort to defeat defendant's right to full disclosure. Plaintiff should not, therefore, be precluded to the extent of being denied the ability to make out a prima facie case. Accordingly, we deny the motion to amend. Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.