SUSAN DAVIS *v.* FITZPATRICK'S, INC., ET AL.
(3462)

SPALLONE, DALY and HADDEN, Js.

Argued September 17—decision released November 12, 1985

*Gerald M. Gallant,* for the appellant (named defendant).

*Foster M. Young,* for the appellee (plaintiff).

HADDEN, J. This is an appeal by the named defendant[1] from the judgment rendered by the trial court on the findings of a factfinder appointed pursuant to General Statutes § 52-549n.

The plaintiff was the owner of a 1974 Ford automobile on which she carried liability but not collision insurance with the Nationwide Insurance Company. The insurance policy did not expire until July 12, 1982. Shortly before July 14, 1981, the plaintiff agreed to purchase for cash a used 1981 Chrysler from the defendant, and on that date went to the defendant's place of business to take care of the final details and to pick up the Chrysler. Towards the end of the discussion, the

---

[1] The complaint originally included a count making a negligence claim against the defendant operator and the defendant owner of the other car involved in the collision. This claim was withdrawn at the hearing before the factfinder. As used in this opinion, "defendant" refers to the named defendant only.

subject of transferring the existing insurance policy to the new car was mentioned. The defendant's salesman was acquainted with the plaintiff's insurance agent and agreed to contact the insurance agent and tell him of the purchase of the Chrysler so that the insurance policy would be transferred to the new car. Despite some efforts to do so, the salesman never did notify the insurance agent of the ownership of the Chrysler as he had agreed to do. The plaintiff took possession of the Chrysler on July 14, 1981, and, on August 7, 1981, was involved in a collision with another car resulting in damages to her Chrysler totaling $3134.80 plus towing charges of $63. Despite the failure of the salesman to contact the insurance agent, the Chrysler was in fact covered by the Nationwide policy originally written on the 1974 Ford, and Nationwide provided a defense to and coverage for a liability claim made by the occupants of the other car involved in the collision. Nationwide would not pay for the damages to the Chrysler since there was no collision insurance coverage provided in the policy.

The plaintiff then brought this action against the defendant claiming promissory estoppel, negligence and breach of contract, resulting in damages totaling $3197.80 because she had no collision coverage in her insurance policy. The case was referred to a factfinder who conducted a hearing and then filed a finding of facts and a conclusion in which he found in favor of the plaintiff in the amount of $3197.80 on the basis of an "implied oral promise" and promissory estoppel. Over the defendant's objection, the court accepted the report of the factfinder and rendered judgment for the plaintiff for $3197.80.

The defendant concedes that its agent failed to contact the plaintiff's insurance agent and notify him of the purchase of the Chrysler and thus breached his agreement to do so. The basic claim made by the

defendant, applicable to any theory of recovery, is that there was no evidence to support a finding that the failure to contact the insurance agent was the proximate cause of any damage to the plaintiff.

There was nothing in the record to support a finding that the defendant's salesman was asked to do, or agreed to do, anything more than to notify the insurance agent to transfer the existing insurance policy, which did not include collision insurance, from the Ford to the Chrysler. The factfinder made no finding regarding the type of insurance that the salesman agreed to procure.

In order for a plaintiff to be entitled to an award of damages, the plaintiff must establish a causal relation between the defendant's breach and the damages. *Calig* v. *Schrank,* 179 Conn. 283, 286, 426 A.2d 276 (1979); *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 22, 213 A.2d 449 (1965).

Since it is undisputed that the insurance coverage on the Ford was transferred to the Chrysler even though the defendant's salesman did not contact the insurance agent, and since there was no evidence that the salesman ever was asked or agreed to obtain collision insurance for the plaintiff, it follows that any loss incurred by the plaintiff, because she did not have collision insurance, did not flow from any breach of duty by the defendant.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.